Ethel T. DENT, Independent Executrix of the Estate of Jennette S. Radford, Deceased, Appellant,

v.

Milton PINES et al., Appellees.

No. 14604.

Court of Civil Appeals of Texas.

Houston.

Sept. 9, 1965.

Rehearing Denied Oct. 7, 1965.

Thos. H. Dent, Galveston, for appellant.

Levy, Levy, Levy & Schwab, Ed Schwab, III, Galveston, for appellees.

COLEMAN, Justice.

This is an appeal from the judgment of the District Court of Galveston County, Texas, permanently enjoining Ethel T. Dent, the successful plaintiff in a forcible entry and detainer suit, the County Clerk of Galveston County, and the Sheriff of Galveston County, from ordering, issuing, levying or executing a writ of execution, or a writ of restitution, in said cause, and from in any way interfering with appellees' possession and enjoyment of the real property involved under color of any process, right, or remedy arising or existing by virtue of the judgment rendered in said cause, being Cause No. 19,320 in the County Court No. 2 of Galveston County, Texas.

Appellant urges that the judgment is erroneous in that the District Court lacked jurisdiction by reason of Article 4656, R.C.S., providing that writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or judgment was rendered.

This point cannot be sustained if the judgment entered in Cause No. 19,320 by such County Court is void and thus subject to collateral attack, the basis on which this judgment was rendered by the District Court. Cotton v. Rea, 1914, 106 Tex. 220, 163 S.W. 2; Pullin v. Parrish, Tex.Civ. App.1957, 306 S.W.2d 241.

If the record in Cause No. 19,320 discloses that the court rendering such judgment was without jurisdiction of the subject matter of the suit, the judgment is void and may be impeached in a collateral proceeding. Ringgold v. Graham, Tex. Com.App.1929, 13 S.W.2d 355.

Neither the Justice of Peace Court, nor the County Court No. 2 on appeal, has

jurisdiction to determine questions of title to real property in a forcible entry and detainer proceeding. Rule 746, Texas Rules of Civil Procedure.

The entire record of the trial in the County Court No. 2 in Cause No. 19,320, including the statement of facts, was introduced into evidence. The record shows that the uncle of Milton Pines, one of the appellees, was lawfully in possession of the property in dispute until his death in 1963. A two-story house divided into two apartments is on the premises. After the death of the uncle, appellee Milton Pines entered into Possession of the premises through tenants and has maintained this possession to the present time.

Appellant Ethel Dent, is the independent executrix of the estate of Jennette S. Radford. Findings of fact filed in Cause No. 19,320, reflect: (1) a deed by which the property was conveyed to John Radford; (2) the marriage license, duly executed, of John Radford and Julia Johnson; (3) a deed by which Julia Radford adopted Jennette Radford; (4) instruments showing that John Radford died in 1926, and devised the land in question to his wife, Julia Radford, who married Milton Pines, the uncle of appellee, in 1930; that Julia Radford died intestate in 1951; that Milton Pines died in February, 1963, and Jennette Radford died in March, 1963, leaving a will which was probated; that Ethel Dent qualified under the will as independent executrix.

The findings of fact also show that Julia Radford lived on the premises until her death and thereafter Milton Pines continued to live there, while renting a portion of the premises. Jennette Radford lived on the premises during her childhood. Milton Pines, appellee, was living on the property prior to the death of his uncle and continued to live there after his death, asserting ownership of the property.

■ The record in Cause No. 19,320, therefore, affirmatively shows that the entry onto the property by Milton Pines, appellee, was lawful and not by force. Therefore, there can be no basis for an action of forcible entry and detainer. Articles 3973 and 3974, Vernon's Ann.Tex. Civ.St.; Emerson v. Emerson, Tex.Civ. App., 1896, 35 S.W. 425; 25 Tex.Jur.2d 474; Forcible Entry and Detainer, Sec. 9.

■ Forcible entry and detainer is a special proceeding governed by the statutes and rules applicable thereto. Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368.

In Texas Land Company v. Turman, 53 Tex. 619, 624, the Court said:

"The summary proceeding of forcible entry and detainer is designed to afford a speedy remedy for the recovery of possession, not to every person legally entitled to possession, but to those only who have been deprived thereof, in one of the ways specified in the statute."

■ A forcible detainer action is dependent on proof of a landlord-tenant relationship. The record negatives the existence of such a relationship. The trial judge in Cause No. 19,320, did not find that such a relationship existed. In the absence of evidence of a tenancy agreement the action of forcible detainer will not lie. American Spiritualist Ass'n v. Ravkind, Tex.Civ.App., 313 S.W.2d 121, error ref., n. r. e.; Criswell v. Southwestern Fidelity Life Ins. Co., Tex.Civ. App., 373 S.W.2d 893.

■ It appears from the record that appellant has never been in actual possession of the property. The evidence of title introduced could show no more than constructive possession. "Constructive possession will not support an action of forcible detainer, for it necessarily involves an inquiry as to title." American Spiritualist Ass'n v. Ravkind, Tex.Civ.App., 313 S.W. 2d 121, error ref., n. r. e.

■ It clearly appears from the record of the proceedings in Cause No. 19,320 that the matter presented for adjudication and actually determined was that the title to the premises in controversy, under the evidence presented, was clearly in the appellant and that, therefore, appellee had no right to remain in possession. The County Court had no jurisdiction of the cause since title to real estate was necessarily involved and the judgment is void. The District Court in this cause correctly so determined and properly issued its injunction.

The judgment of the trial court is affirmed.