C. A. REDGRAVE, Individually and
d/b/a C–A–R Plan Acceptance
Company, Appellant,

v.

Jack H. SCHMITZ, Appellee.

No. 16121.

Court of Civil Appeals of Texas,
San Antonio.

June 27, 1979.

Rehearing Denied July 25, 1979.

Charles E. Biery, Biery, Biery, Davis & Myers, San Antonio, for appellant.

William H. Ferguson, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is an appeal from a judgment of the 37th District Court of Bexar County, Texas, awarding to Jack H. Schmitz, appellee, title and possession of a house and lot based on the ten-year statute of limitations.[1] The thrust of appellant's appeal in this case is that the evidence is factually and legally insufficient to support the court's findings, implied or otherwise, that appellee held the property adversely to appellant for a period of ten years after repudiating his tenancy with appellant.

The evidence reflects that appellee acquired the deed to the property in 1959 by paying a cash consideration and assuming a purchase money note. Appellee has been in continuous peaceful possession of the property from 1959 to the present through occupancy of the house himself, through renters, or through persons to whom he had sold the property under contracts of deed. Appellee has always made the mortgage payments,

1. Article 5510, Texas Revised Civil Statutes.

paid the taxes, paid the insurance, and made the necessary improvements. Appellant did none of these things, nor did he ever talk to appellee or any of the other occupants of the house.

In 1966 appellee purchased an automobile and executed a promissory note for the purchase money. Appellant acquired the note from the holder, and thereafter appellee made two payments to appellant, but made no more. Appellant subsequently brought a suit against appellee in the County Court at Law No. Two of Bexar County to collect the balance on the note and obtain a default judgment against appellee in November 1966. Appellant then caused a writ of execution to be levied upon the subject property to satisfy the judgment. The house was sold to appellant at a sheriff's sale on February 7, 1967. The sheriff's deed to appellant was duly recorded in the Deed Records of Bexar County, Texas, on February 16, 1967. Appellant argues that appellee became his tenant at sufferance and could not acquire title by limitation without showing that he had given appellant notice of the repudiation of the tenancy. We disagree with this contention.

Appellant testified that he never made an attempt to get possession of the house, but did try to find out who was living there. He testified that within thirty days from the date of the sheriff's sale he went by the house and knocked on the door. He saw evidence of occupancy and believed someone was there, but no one would answer the door. He went by the premises over one hundred times, but no one ever answered the door. In this regard, the appellant testified as follows:

Q You said you went there on occasions and people would not come to the door?

A No, sir, you could knock on the door and you had to believe someone was there, you know. The car was in the driveway. You would knock on the door and watch the window and you could see the blind come back a little bit and you could not see who was looking out, but you could see it moving the blinds and no one would ever come to the door.

. . . . .

Q And you attempted and made efforts to get possession of your house for the last ten years?

A I didn't say "made attempts to get possession." I was trying to find out who was living in the house and who was holding the property.

Q Any efforts you made have been resisted?

A I wouldn't—no one came to the door.

Q Nobody would help you?

A Nobody came to the door at all.

Q Nobody helped you at all? All right. Now then, your note, your balance, was for $460.00 plus $200.00, which made a total of $660.00, is that correct?

A Probably so.

Q And according to this instrument, it bears six per cent interest, is that correct?

A I don't recall whether it was six or ten.

Q Four hundred sixty dollars together with interest at the rate of six percent—

A This is on the—

Q On the original judgment.

A The judgment, yes.

Q Is that correct?

A I take that to be correct, yes, sir.

Q Now, I notice from the various exhibits that have been filed here that you have reabstracted your judgment?

A Yes, sir.

Q You are making demand on him to pay you now?

A I believe that is—

Q Is that correct?

A That is correct. There is a balance owing on the judgment, as anybody can see.

Q Well, so far you haven't—

A I'm not making demand for the property itself now.

Q  You are not making any demand? All right. Pass the witness.

From the very beginning, appellant knew that someone adverse to him and to his ownership of the property was in possession of the property. Appellee's adverse possession of the property commenced on the recordation of the sheriff's deed on February 16, 1967, and continued to the date this suit was filed on March 30, 1977, which is a period of ten years and forty-four days.

The evidence in this case does not show that the appellee was a tenant of appellant. A tenant is generally one who occupies the land or premises of another in subordination to the other's title. The rule is correctly stated in 51C C.J.S. *Landlord and Tenant* § 2(2) (1968) as follows:

> It is essential to the relation of landlord and tenant that the occupancy by the tenant be in subordination to the rights of the landlord, as well as permissive; mere assent to the occupancy by the owner is not sufficient, allegiance to the title of the landlord being one of the distinguishing characteristics of the relationship.

The evidence in this case establishes that the occupancy of the house by appellee was not in subordination to the rights of the landlord. A tenancy may be either express or implied. Factual situations where an implied tenancy has been found were discussed by this court in *Park v. Sweeten*, 270 S.W.2d 687 (Tex.Civ.App.—San Antonio 1954), *aff'd*, 154 Tex. 266, 276 S.W.2d 794 (1955). In *Park v. Sweeten* the court recognized three situations in which the claimant must show notice of repudiation of an implied tenancy relationship as follows: "(1) the grantor retains possession after the execution of a deed, (2) the losing party in an adversary suit retains possession after judgment is rendered against him, and (3) a party who has consented to a judgment divesting him of title nevertheless retains possession." *Id.* at 690. In each of these three situations, the presumed tenant was a party to the act that transferred title. This case does not fit into any of the three situations listed above. Appellee

had no notice of the sheriff's deed and therefore had no occasion to give actual notice to appellant of his adverse claim. Under the facts of this case, it cannot be presumed that the appellee held possession of the house in recognition of appellant's title.

The judgment of the trial court is affirmed.