

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 9, 1985

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-308

Re: Whether a resident of a
housing project may be a member
of a housing authority board in
light of article 988b, V.T.C.S.

Dear Senator Mauzy:

You seek our opinion on a proposed amendment to article 1269k,
V.T.C.S., which would require local housing authority boards to
include one member who is a tenant of a project operated by the local
housing authority.  Your specific question is as follows:

> Would residency in a project constitute an
> 'interest' in the authority such that any action
> by a tenant board member would amount to a
> conflict of interest proscribed by the Texas
> Constitution or the statutes, particularly article
> 988b, V.T.C.S.

Senate Bill No. 490, now pending before the legislature, would
add the following language to section 5 of article 1269k, V.T.C.S.:

> After the authority establishes its first housing
> project and the project is in operation, at least
> one (1) of the commissioners must be a tenant of a
> project administered by the authority.  The
> governing body shall make the initial appointment
> of a tenant commissioner on the expiration of
> commissioners' terms that first occurs after the
> first housing project is established and in
> operation.

This office has twice before addressed the question of whether a
tenant could serve on the board of a public housing authority.
Attorney General Opinion M-1096 (1972) considered whether section 6 of
article 1269k, V.T.C.S., absolutely barred a tenant from serving on
the board.  Section 6 provided in part:

> No commissioner or employee of an authority
> shall acquire any interest direct or indirect in
> any housing project. . . .

The opinion found this provision to be consistent with common law prohibitions on conflict of interest as expressed in Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. - Eastland 1925, no writ) and City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm. App. 1933). It concluded that section 6 and the common law rule prohibited a tenant of a housing authority from serving as a commissioner thereof. The version of article 1269k discussed in Attorney General Opinion M-1096 did not include any provision expressly authorizing a tenant to serve on the board. Nor did the opinion consider whether the legislature could amend article 1269k, V.T.C.S., to include such a provision. Thus, Attorney General Opinion M-1096 is in no way dispositive of your question.

In Letter Advisory No. 13 (1973) this office considered the constitutionality of a bill which would require two tenants to serve as commissioners of each public housing authority. The opinion found no provision in the Texas Constitution which would render the proposed amendment invalid. Letter Advisory No. 13 stated as follows:

> We do not construe Section 6 of Article 1269k,
> V.T.C.S., to disqualify those interested in
> housing projects as tenants, but, if that is its
> proper interpretation, any conflict between that
> section and the newly proposed Section 5a would be
> resolved by giving weight to Section 5a as the
> last expression of the Legislature.

The legislature has power to change both the common law rule and the statutory language on which Attorney General Opinion M-1096 based its conclusion. Article 1, V.T.C.S., adopts the common law, to the extent it is not inconsistent with the laws and Constitution of Texas, and declares it in force "until altered or repealed by the Legislature." See In re B---M---N---, 570 S.W.2d 493 (Tex. Civ. App. - Texarkana 1978, no writ). As Letter Advisory No. 13 indicated, an enactment that is later in time supercedes an earlier enacted provision to the extent of any inconsistency. See Allied Finance Company v. Falkner, 397 S.W.2d 846 (Tex. 1965). Thus, we find no constitutional provision or common law rule that prevents the legislature from enacting a law that requires one housing commissioner to be a tenant of a housing project.

Moreover, the conflict of interest provision in article 1269k, V.T.C.S., provides that

6(a) . . . it is not unlawful for a commissioner:

. . . .

(2) to continue to own or control any interest in a housing project held by the commissioner prior to his term as commissioner.

We next address your concern that any action by a tenant board member would amount to a conflict of interest proscribed by article 988b, V.T.C.S. Sections 3 and 4 provide as follows:

Sec. 3. (a) Except as provided by Section 5 of this Act, a local public official commits an offense if he knowingly:

(1) participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved;

(2) acts as surety for a business entity that has a contract, work, or business with the governmental entity; or

(3) acts as surety on any official bond required of an officer of the governmental entity.

(b) An offense under this section is a Class A misdemeanor.

Sec. 4. If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be peculiarly affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter. The affidavit must be filed with the official recordkeeper of the governmental entity.

These provisions prohibit a "local public official" from taking certain actions regarding a "business entity" in which he has a

substantial interest. Section 1(1) of article 988b defines "local public official" to include a member of the governing body of any local governmental entity who exercises responsibilities beyond those that are advisory in nature. We assume, without deciding, that the commissioner of a public housing authority is a local public official within this definition. Section 1(2) defines "business entity":

> 'Business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized in law.

"A tenant . . . occupies the land or premises of another in subordination to that other's title." Forrest v. Durnell, 26 S.W. 481, 482 (Tex. 1894); Redgrave v. Schmitz, 584 S.W.2d 374, 376 (Tex. Civ. App. - San Antonio 1979, no writ). See also V.T.C.S. art. 1269k, §10 (conditions of rental and tenant selection for housing project). A tenant's occupancy of accommodations in a housing project does not constitute an interest in a "business entity" within article 988b, V.T.C.S. Thus, article 988b does not reach a tenant board member's interest in his residency in a project. That interest alone does not implicate a tenant board member in any conflict of interest described by article 988b, V.T.C.S.

You have not inquired about any other specific provision which might be particularly relevant to a tenant of a housing project who serves as a housing commissioner and we have been unable to locate any such provision. But see Penal Code ch. 39 (abuse of office).

### S U M M A R Y

The Texas Constitution does not prohibit the legislature from enacting a bill which requires one commissioner of a local housing authority to be a tenant of a local housing project. A tenant board member's residency in the housing project does not implicate him in any conflict of interest described by article 988b, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood