**BANCTEXAS WESTHEIMER,**
**Appellant,**

v.

**Neal C. and Linda SUMNER, Appellees.**

**No. 01–86–0872–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1987.

Frank G. Waltermire, Alletag, Jones & Eyberg, Houston, for appellant.

Jerome K. Wade, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a take-nothing judgment in an action asserting forcible entry and detainer and forcible detainer.

In June 1984, Mr. and Mrs. Neal Sumner executed a general warranty deed conveying their Houston residence to Edward L. Konkol. Contemporaneously, Konkol borrowed $365,000 from BancTexas Westheimer, and to secure payment of the debt, he executed a deed of trust covering the property. The Sumners' deed to Konkol recited that the borrowed funds had been advanced by BancTexas, at the grantee's special request, and that the funds constituted a part of the consideration for the conveyance. The deed also provided that the debt was secured by the vendor's lien and a deed of trust lien on the property, and it made express reference to the deed of trust for all purposes. The deed of trust contained a clause that, in effect, provided that in the event of foreclosure, the grantors under the deed of trust, and other persons in possession of the premises, would be deemed tenants at will of the purchaser at the foreclosure sale who would be entitled to bring a forcible detainer action to obtain possession of the premises.

In August 1985, Konkol defaulted on the mortgage indebtedness, and BancTexas foreclosed and purchased his interest at a foreclosure sale. The Sumners, whom Konkol had permitted to continue in possession of the property after their deed to him, were given notice to vacate, and when they refused to do so, BancTexas filed a complaint in the justice court seeking a writ of possession. The justice court rendered judgment in favor of BancTexas, and the Sumners appealed to the County Court At Law for a trial de novo. After a non-jury proceeding, the county court rendered a take-nothing judgment against BancTexas, from which this appeal is taken.

At oral submission of this appeal, both sides agreed that the controlling question is whether, by virtue of the deed from the Sumners to Konkol, and the Sumners' continued possession with Konkol's permission, there was a landlord/tenant relationship between the parties within the meaning of Tex.Prop.Code Ann. sec. 24.002 (Vernon Supp.1987). That statute provides in pertinent part:

(a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance;

(3) is a tenant of a person who acquired possession by forcible entry;

(4) has made a forcible entry on the possession of a person who acquired possession by forcible entry; or

(5) has made a forcible entry on the possession of a tenant whose term has expired.

The Sumners contend that because there was no express tenancy agreement between themselves and Konkol, BancTexas was not entitled to obtain possession by an action for forcible detainer. In support of that argument, the Sumners rely principally on this Court's decision in *Dent v. Pines,*

394 S.W.2d 266 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ).

The circumstances in *Dent* are distinguishable from those present here. In that case, the evidence negated the existence of a landlord/tenant relationship, and because there was no other statutory basis for a forcible detainer action, this Court held that a detainer action did not lie. *Dent*, 394 S.W.2d at 268.

█ It is well settled that when a grantor is allowed to continue in possession of conveyed property, after the execution of a deed to his grantee, he is presumed to do so as the tenant of the grantee. *See International & G.N.R. Co. v. Ragsdale*, 67 Tex. 24, 2 S.W. 515 (1886); *Sweeten v. Park*, 154 Tex. 266, 276 S.W.2d 794 (1955); *Tex-Wis Co. v. Johnson*, 534 S.W.2d 895 (Tex.1976). In this case, it is undisputed that the Sumners were allowed to continue in possession after their deed to Konkol. In the absence of competent evidence showing some other relationship between the parties, the trial court should have determined that a landlord/tenant relationship was created. *See Haith v. Drake*, 596 S.W.2d 194, 197 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Sumner testified at trial that he was the owner of the house, and that he and his wife had lived there since 1969. He denied having any agreement with Konkol to lease the property and claimed that Konkol, who was his employee, had never taken possession. He was permitted to testify, over BancTexas' objection, that the purpose of his deed to Konkol was to obtain a loan on the property, and that he, not Konkol, had made all the loan payments.

█ The bald assertion by Sumner that he owned the property does not constitute a legally sufficient basis for denial of BancTexas' right to possession under the forcible detainer statute. *See Basila v. Basila*, 72 S.W.2d 613 (Tex.Civ.App.—San Antonio 1934, writ dism'd). Neither did Sumner's testimony, which suggested that the transaction was a "pretended sale," designed to induce BancTexas to loan the money to him, constitute a legal basis for the court to disregard the tenancy relationship created by the Sumners' deed to Konkol. *See*

*Rivera v. White*, 94 Tex. 538, 63 S.W. 125 (1901) (stating that a grantee's agreement to hold in trust for grantor's benefit is unenforceable where grantor's intent was to defraud creditors). Thus, we hold that the Sumners are bound by the contractual provisions in their deed to Konkol in which they specifically recognized that BancTexas had advanced a part of the purchase money for the property, and by their express reference to the terms of the deed of trust, which provided, in effect, that persons holding possession under the mortgagor were deemed to be tenants at will of the purchaser at a foreclosure sale. The Sumners' testimony regarding a different intent was at variance with these provisions and was not competent proof to negate the tenancy relationship. *See Velasquez v. Cruz*, 418 S.W.2d 377 (Tex.Civ.App.—Beaumont 1967, no writ); *Granberry v. McBride*, 138 S.W.2d 283 (Tex.Civ.App.—Texarkana 1940, no writ); *Russell v. Russell*, 132 Tex. 73, 120 S.W.2d 793 (1938); *Crayton v. Phillips*, 4 S.W.2d 961 (Tex. Comm'n App.1928, judgmt adopted).

The trial court's findings of facts and conclusions of law indicate its conclusion that BancTexas was not entitled to possession of the property under a statutory forcible detainer statute, because BancTexas did not have an express contractual landlord/tenant relationship with the Sumners. We hold that this conclusion was erroneous, and that under the evidence presented, BancTexas was entitled to entry of judgment in its favor. Thus, we sustain BancTexas' first point of error, and for that reason, we need not discuss its second and third points of error, in which it complains of the trial court's error in holding that the Sumners had not committed a forcible entry and detainer and in refusing to file amended findings of fact and conclusions of law.

We reverse the trial court's judgment and render judgment that BancTexas is entitled to a writ of possession against the Sumners in the forcible detainer action.