COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-115-CV
 
TIFFANY L. LEWIS                                                              
        
APPELLANT
V.
LACEDRIC WILLIAMS                                                              
     APPELLEE
 
------------
FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
This case involves a forcible detainer
suit that was filed in the justice court and appealed to the county court at
law. Appellee LaCedric Williams filed suit against Appellant Tiffany L. Lewis to
recover possession of the premises located at 5011 Toftree Drive in Arlington,
Texas ("the Toftree property"). After a jury trial, the justice court
entered judgment in accordance with the verdict that Appellee recover neither
possession of the property nor attorney's fees.
Appellee timely filed his appeal with the
county court at law for a trial de novo. After hearing testimony and viewing the
evidence, the trial court found that Appellant had committed forcible detainer,
ordered that Appellee recover possession of the property, and ordered Appellant
to pay Appellee $1,500 in attorney's fees and court costs. We affirm the trial
court's judgment.
I. FACTUAL SUMMARY
Appellee and Appellant entered into an
agreement entitled "Real Property Agreement" on August 23, 2001.
Appellant, who is an attorney, drafted the agreement. Appellant entered into the
agreement because she was unable to obtain financing for the purchase of the
Toftree property. The agreement provided that Appellee would buy the property,
taking title in his name, and that Appellant would make any mortgage, insurance,
and tax payments directly to the appropriate payee. The agreement further
provided that two years from the date of the contract, Appellant was to purchase
the property at its fair market value.
Appellant failed to pay the first four
mortgage payments. Appellee paid $12,000 to prevent the bank from foreclosing on
the property and subsequently filed this forcible detainer action in the justice
court.
II. LEGAL ANALYSIS
Appellant argues that (1) the trial court
erred when it denied Appellant's motion to dismiss because the agreement with
Appellee was not a lease; (2) there was insufficient evidence at trial to prove
that a landlord-tenant relationship existed between the parties; and (3) the
trial court lacked subject matter jurisdiction over the case because there was
no landlord-tenant relationship between Appellant and Appellee.
A. Jurisdiction
Appellant argues in her third point that
because the title to the premises is in dispute, neither the justice court nor
the county court at law had jurisdiction over the matter. Justice courts and, on
appeal, the county courts, are expressly given jurisdiction over forcible
detainer actions.(2) Conversely, justice courts
are expressly denied jurisdiction to determine or adjudicate title to land.(3)
Appellant filed a general denial to Appellee's claim that a lease existed and
that Appellant breached that lease; she filed a verified denial alleging the
failure of a condition precedent requiring the parties to mediate the dispute
and raised several affirmative defenses alleging failure of notice, consent, and
mediation. Appellant failed to raise the issue of the property's title in the
lower courts.(4) Consequently, the trial court
properly exercised subject matter jurisdiction over the dispute for possession
of the property. We overrule Appellant's third point.
B. Motion to Dismiss
In her first point, Appellant argues that
the trial court incorrectly denied her motion to dismiss because there was no
lease agreement between Appellee and herself. The Texas Property Code defines a
forcible detainer as follows:

        
 A person . . . commits a forcible detainer if the person:
 
        
 (1) is a tenant or a subtenant wilfully and without force holding
 over after the termination of the tenant's right of possession;
        
 (2) is a tenant at will or by sufferance, including an occupant at
 the time of foreclosure of a lien superior to the tenant's lease;
 or
        
 (3) is a tenant of a person who acquired possession by forcible
 entry.(5)
 

The only issue in a forcible detainer case
is who has the right to possess the property.(6)
Appellant argues that for Appellee to prevail, he must prove that a lease
exists,(7) and because no lease exists, the issue
is one of title. Conversely, Appellee argues that the document is a lease with
an option to purchase the property in two years. We review the agreement to
determine whether an issue of title exists.(8)
As we construe this contract, our primary
goal is to respect the parties' intent as expressed in the written contract.(9)
We are required to ascertain the agreement of the parties by reviewing the
entire contract as a whole.(10) A single phrase,
sentence, or section should not be given a certain meaning to the exclusion of
the rest of the contract.(11) A contract can be
read in light of the surrounding circumstances to determine whether an ambiguity
exists.(12) "Where there is no pleading of
ambiguity with respect to a contract," the interpretation of the contract
becomes a question of law for the court to decide.(13)
"A lease may be created by words or
other conduct expressing consent to the lessee's possession" of the
property.(14) A tenant occupies the land or
premises of another in subordination to the landlord's title.(15)
The landlord-tenant relationship can be created by an expression of the parties
or impliedly.(16)
The contract provides in section one that
"[t]his agreement is entered into for the purchase of Real Property"
and that Appellee is to purchase the Toftree property for mutual
consideration. Section two provides that "[Appellee] will Contract
the Deed of the aforementioned property to [Appellant], who agrees to purchase
the property . . . in two years at the appraised value of the property at the
time of the purchase . . . ." [Emphasis added.]
Section three, entitled "TERMS AND
CONDITIONS OF AGREEMENT," allows Appellant to reside on the Toftree
property and requires her to make all necessary mortgage, insurance, and
property tax payments on the property. It further provides that Appellee will
not interfere with Appellant's use and enjoyment of the property, and it
authorizes her to deal directly with the mortgage company and insurance company.
The evidence shows that Appellee purchased
the property, the title to which has remained in his name. Even the mortgage on
which Appellant was making payments was in Appellee's name. According to the
contract, Appellant's right to purchase the property did not accrue until two
years from the signing of the contract, and even at that point, her right was
contingent upon her paying the mortgage, insurance premiums, and property taxes.
Appellant argues that Appellee admitted
that the agreement was not a lease. Appellant is referring to Appellee's
testimony at trial acknowledging that the agreement does not contain the word
"lease"; however, Appellee further testified that even though there is
no designation on the agreement stating that it is a lease, his understanding
was that the document was a lease. Appellee, therefore, only admitted that the
document does not specifically state that it is a lease.
In her brief, Appellant also states that
the trial court ruled that the agreement was not a lease. In fact, after both
sides rested, the trial court stated that he "didn't find" and
"didn't think" that the agreement was a lease agreement. His findings
of fact and conclusions of law do not mention this "ruling." Despite
Appellant's contentions, the interpretation of this agreement is a question of
law for the court to decide de novo.(17)
Accordingly, we hold that the agreement is a two-year lease with an option to
buy the property at the end of the lease.(18)
Appellant also argues that Appellee has
never been in possession of the property, citing Dent v. Pines for the
proposition that a person who has not possessed the subject property has no
basis for bringing a forcible detainer action.(19)
The Dent court held that title in that case was necessarily involved in
the possession issue because the right to possess the property required a
determination of the parties' claims under competing wills and intestacy
statutes.(20) Such is not the case before us.
The right to possession in this case is based on the landlord-tenant
relationship between the parties. We overrule Appellant's first issue.
C. Sufficiency of the Evidence
In Appellant's second issue, she argues
that there was insufficient evidence at trial to prove that a landlord-tenant
relationship existed between Appellant and Appellee. An assertion that the
evidence is "insufficient" to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is so
overwhelming that the answer should be set aside and a new trial ordered.(21)
We are required to consider all of the evidence in the case in making this
determination.(22)
The agreement was entered into evidence at
the trial in the county court. Having reviewed the contract between the parties
and all of the remaining evidence in this case, we hold that the evidence
supporting the finding of a landlord-tenant relationship is not so weak and the
evidence to the contrary is not so overwhelming that the trial court's findings
implying a landlord-tenant relationship should be set aside.(23)
We overrule Appellant's second issue.
III. CONCLUSION
Having overruled each of Appellant's
issues, we affirm the trial court's judgment.
 
                                                                      
LEE ANN DAUPHINOT
                                                                      
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
DELIVERED: August 27, 2003

1. See Tex. R. App. P. 47.4.
2. Tex. R. Civ. P. 749; Cattin v. Highpoint Vill.
Apartments, 26 S.W.3d 737, 739 (Tex. App.--Fort Worth 2000, pet. dism'd
w.o.j.).
3. Tex. Gov't Code Ann. § 27.031(b) (Vernon Supp. 2003); Aguilar
v. Weber, 72 S.W.3d 729, 732 (Tex. App.--Waco 2002, no pet.).
4. See Aguilar, 72 S.W.3d at 732.
5. Tex. Prop. Code Ann. § 24.002 (Vernon 2000) (emphasis
added).
6. See Tex. R. Civ. P. 746.
7. See Acad. Corp. v. Sunwest N.O.P., Inc., 853
S.W.2d 833, 833 (Tex. App.--Houston [14th Dist.] 1993, writ denied)
(stating that party who filed forcible detainer suit to obtain possession of
property had burden to prove that landlord-tenant relationship existed between
parties).
8. See Caro v. Hous. Auth., 794 S.W.2d 901, 903
(Tex. App.--Austin 1990, writ denied).
9. Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132,
133 (Tex. 1994).
10. Id.
11. Id. at 134.
12. Cardwell v. Sicola-Cardwell, 978 S.W.2d 722,
727 (Tex. App.--Austin 1998, pet. denied).
13. MCI Telecomm., Corp. v. Tex. Util. Elec. Co.,
993 S.W.2d 663, 668 (Tex. App.--Fort Worth 1996), rev'd in part on other
grounds, 995 S.W.2d 647 (Tex. 1999).
14. City of Fort Worth v. Barlow, 313 S.W.2d
906, 915 (Tex. Civ. App.--Fort Worth 1958, writ ref'd n.r.e.).
15. Id.
16. Redgrave v. Schmitz, 584 S.W.2d 374, 376
(Tex. Civ. App.--San Antonio 1979, no writ).
17. See MCI Telecomm., 993 S.W.2d at 668.
18. See Forbau, 876 S.W.2d at 133; see also
City of Fort Worth, 313 S.W.2d at 915.
19. Dent v. Pines, 394 S.W.2d 266, 268 (Tex. Civ.
App.--Houston 1965, no writ).
20. Id. at 268-69.
21. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965).
22. Mar. Overseas Corp. v. Ellis, 971 S.W.2d
402, 406-07 (Tex. 1998), cert. denied, 525 U.S. 1017 (1998).
23. See Garza, 395 S.W.2d at 823.