Tiffany Lewis v. Lacedric Williams

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-115-CV

TIFFANY L. LEWIS APPELLANT

V.

LACEDRIC WILLIAMS APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This case involves a forcible detainer suit that was filed in the justice court and appealed to the county court at law.  Appellee LaCedric Williams filed suit against Appellant Tiffany L. Lewis to recover possession of the premises located at 5011 Toftree Drive in Arlington, Texas (“the Toftree property”).  After a jury trial, the justice court entered judgment in accordance with the verdict that Appellee recover neither possession of the property nor attorney’s fees.

Appellee timely filed his appeal with the county court at law for a trial de novo.  After hearing testimony and viewing the evidence, the trial court found  that Appellant had committed forcible detainer, ordered that Appellee recover possession of the property, and ordered Appellant to pay Appellee $1,500 in attorney’s fees and court costs.  We affirm the trial court’s judgment.

I.  FACTUAL SUMMARY

Appellee and Appellant entered into an agreement entitled “Real Property Agreement” on August 23, 2001.  Appellant, who is an attorney, drafted the agreement.  Appellant entered into the agreement because she was unable to obtain financing for the purchase of the Toftree property.  The agreement provided that Appellee would buy the property, taking title in his name, and that Appellant would make any mortgage, insurance, and tax payments directly to the appropriate payee.  The agreement further provided that two years from the date of the contract, Appellant was to purchase the property at its fair market value.

Appellant 
failed to pay the first four mortgage payments.  Appellee paid $12,000 to prevent the bank from foreclosing on the property and subsequently filed this forcible detainer action in the justice court.

II.  LEGAL ANALYSIS

Appellant argues that (1) the trial court erred when it denied Appellant’s motion to dismiss because the agreement with Appellee was not a lease; (2) there was insufficient evidence at trial to prove that a landlord-tenant relationship existed between the parties; and (3) the trial court lacked subject matter jurisdiction over the case because there was no landlord-tenant relationship between Appellant and Appellee.

A.  Jurisdiction

Appellant argues in her third point that because the title to the premises is in dispute, neither the justice court nor the county court at law had jurisdiction over the matter.  Justice courts and, on appeal, the county courts, are expressly given jurisdiction over forcible detainer actions.
(footnote: 2)  Conversely, justice courts are expressly denied jurisdiction to determine or adjudicate title to land.
(footnote: 3)  Appellant filed a general denial to Appellee’s claim that a lease existed and that Appellant breached that lease; she filed a verified denial alleging the failure of a condition precedent requiring the parties to mediate the dispute and raised several affirmative defenses alleging failure of notice, consent, and mediation.  Appellant failed to raise the issue of the property’s title in the lower courts.
(footnote: 4)  Consequently, the trial court properly exercised subject matter jurisdiction over the dispute for possession of the property.  We overrule Appellant’s third point.

B.  Motion to Dismiss

In her first point, Appellant argues that the trial court incorrectly denied her motion to dismiss because there was no lease agreement between Appellee and herself.  The Texas Property Code defines a forcible detainer as follows:

A person . . . commits a forcible detainer if the person: 

(1) 
is a tenant
 or a subtenant wilfully and without force holding over after the termination of the tenant’s right of possession; 

(2) 
is a tenant
 at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the 
tenant’s lease
; or 

(3) 
is a tenant
 of a person who acquired possession by forcible entry.
(footnote: 5)

The only issue in a forcible detainer case is who has the right to possess the property.
(footnote: 6)  Appellant argues that for Appellee to prevail, he must prove that a lease exists,
(footnote: 7) and because no lease exists, the issue is one of title.  Conversely, Appellee argues that the document is a lease with an option to purchase the property in two years.  We review the agreement to determine whether an issue of title exists.
(footnote: 8)
 As we construe this contract, our primary goal is to respect the parties’ intent as expressed in the written contract.
(footnote: 9)  We are required to ascertain the agreement of the parties by reviewing the entire contract as a whole.
(footnote: 10)  A single phrase, sentence, or section should not be given a certain meaning to the exclusion of the rest of the contract.
(footnote: 11)  A contract can be read in light of the surrounding circumstances to determine whether an ambiguity exists.
(footnote: 12)  “Where there is no pleading of ambiguity with respect to a contract,” the interpretation of the contract becomes a question of law for the court to decide.
(footnote: 13)
 “A lease may be created by words or other conduct expressing consent to the lessee’s possession” of the property.
(footnote: 14)  A tenant occupies the land or premises of another in subordination to the landlord's title.
(footnote: 15)  The landlord-tenant relationship can be created by an expression of the parties or impliedly.
(footnote: 16) 

The contract provides in section one that “[t]his agreement is entered into for the purchase of Real Property” and that 
Appellee
 is to purchase the Toftree property for mutual consideration.  Section two provides that “[Appellee] 
will
 Contract the Deed of the aforementioned property to [Appellant], who agrees to purchase the property . . . in two years at the appraised value of the property at the time of the purchase . . . .” [Emphasis added.]

Section three, entitled “TERMS AND CONDITIONS OF AGREEMENT,” allows Appellant to reside on the Toftree property and requires her to make all necessary mortgage, insurance, and property tax payments on the property.  It further provides that Appellee will not interfere with Appellant’s use and enjoyment of the property, and it authorizes her to deal directly with the mortgage company and insurance company.

The evidence shows that Appellee purchased the property, the title to which has remained in his name.  Even the mortgage on which Appellant was making payments was in Appellee’s name.  According to the contract, Appellant’s right to purchase the property did not accrue until two years from the signing of the contract, and even at that point, her right was contingent upon her paying the mortgage, insurance premiums, and property taxes.

Appellant argues that Appellee admitted that the agreement was not a lease.  Appellant is referring to Appellee’s testimony at trial acknowledging that the agreement does not contain the word “lease”; however, Appellee further testified that even though there is no designation on the agreement stating that it is a lease, his understanding was that the document was a lease.  Appellee, therefore, only admitted that the document does not specifically state that it is a lease.

In her brief, Appellant also states that the trial court ruled that the agreement was not a lease.  In fact, after both sides rested, the trial court stated that he “didn’t find” and “didn’t think” that the agreement was a lease agreement.  His findings of fact and conclusions of law do not mention this “ruling.”  Despite Appellant’s contentions, the interpretation of this agreement is a question of law for the court to decide de novo.
(footnote: 17)  Accordingly, we hold that the agreement is a two-year lease with an option to buy the property at the end of the lease.
(footnote: 18)
 Appellant also argues that Appellee has never been in possession of the property, citing 
Dent v. Pines
 for the proposition that a person who has not possessed the subject property has no basis for bringing a forcible detainer action.
(footnote: 19)  The 
Dent
 court held that title in that case was necessarily involved in the possession issue because the right to possess the property required a determination of the parties’ claims under competing wills and intestacy statutes.
(footnote: 20)  Such is not the case before us.  The right to possession in this case is based on the landlord-tenant relationship between the parties.  We overrule Appellant’s first issue.

C.  Sufficiency of the Evidence

In Appellant’s second issue, she argues that there was insufficient evidence at trial to prove that a landlord-tenant relationship existed between Appellant and Appellee.  An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.
(footnote: 21)  We are required to consider all of the evidence in the case in making this determination.
(footnote: 22)
 The agreement was entered into evidence at the trial in the county court.  Having reviewed the contract between the parties and all of the remaining evidence in this case, we hold that the evidence supporting the finding of a landlord-tenant relationship is not so weak and the evidence to the contrary is not so overwhelming that the trial court’s findings implying a landlord-tenant relationship should be set aside.
(footnote: 23)  We overrule Appellant’s second issue.

III.  CONCLUSION

Having overruled each of Appellant’s issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  August 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. R. Civ. P.
 749; 
Cattin v. Highpoint Vill. Apartments
, 26 S.W.3d 737, 739 (Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.).

3:
Tex. Gov’t Code Ann.
 § 27.031(b) (Vernon Supp. 2003); 
Aguilar v. Weber
, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.).

4:
See Aguilar
, 72 S.W.3d at 732.

5:
Tex. Prop. Code Ann.
 § 24.002 (Vernon 2000) (emphasis added).

6:
See 
Tex. R. Civ. P. 
746. 

7:
See Acad. Corp. v. Sunwest N.O.P., Inc.
, 853 S.W.2d 833, 833 (Tex. App.—Houston [14
th
 Dist.] 1993, writ denied) (stating that party who filed forcible detainer suit to obtain possession of property had burden to prove that landlord-tenant relationship existed between parties).

8:
See Caro v. Hous. Auth.
, 794 S.W.2d 901, 903 (Tex. App.—Austin 1990, writ denied).

9:
Forbau v. Aetna Life Ins. Co.
, 876 S.W.2d 132, 133 (Tex. 1994).

10:
Id.

11:
Id.
 at 134.

12:
Cardwell v. Sicola-Cardwell
, 978 S.W.2d 722, 727 (Tex. App.—Austin 1998, pet. denied).

13:
MCI Telecomm., Corp. v. Tex. Util. Elec. Co.
, 993 S.W.2d 663, 668 (Tex. App.—Fort Worth 1996), 
rev’d in part on other grounds
, 995 S.W.2d 647 (Tex. 1999).

14:
City of Fort Worth v. Barlow
, 313 S.W.2d 906, 915 (Tex. Civ. App.—Fort Worth 1958, writ ref’d n.r.e.).

15:
Id.

16:
Redgrave v. Schmitz
, 584 S.W.2d 374, 376 (Tex. Civ. App.—San Antonio 1979, no writ).

17:
See MCI Telecomm.
, 993 S.W.2d at 668.

18:
See Forbau
, 876 S.W.2d at 133; 
see also City of Fort Worth
, 313 S.W.2d at 915.

19:
Dent v. Pines
, 394 S.W.2d 266, 268 (Tex. Civ. App.—Houston 1965, no writ).

20:
Id.
 at 268-69.

21:
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).

22:
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex. 1998)
, cert. denied, 
525 U.S. 1017 (1998).

23:
See Garza
, 395 S.W.2d at 823.