**Affirmed and Memorandum Opinion filed August 22, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00061-CV

---

## BLAINE M. STANDIFORD AND SHERYL E. STANDIFORD, Appellants

## V.

## CITIMORTGAGE, INC., Appellee

---

**On Appeal from the County Court at Law No. 2**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-17-005410**

---

## MEMORANDUM OPINION

In this appeal from a suit for forcible detainer, appellants Blaine Martin Standiford and Sheryl Elizabeth Standiford challenge the county court at law's judgment awarding CitiMortgage, Inc. ("CMI") possession of residential real property ("the Property"). Appellants raised these issues on appeal: the county court at law erred in granting summary judgment in favor of CMI; CMI's suit for forcible detainer was barred by the applicable statute of limitations; and the county

court at law erred in ordering a writ of possession after a supersedeas bond was paid. We affirm.[1]

## I.    Background[2]

Appellants purchased real property and improvements located at 21127 Northland Drive, Lago Vista, Texas 78645 (the "Property") on April 6, 1998. In connection with the loan to purchase the Property, appellants executed a deed of trust and promissory note payable to Amerigroup Mortgage Corporation and its successors and assigns.

In July 2012, appellants were in default after failing to make required payments under the note. CMI bought the Property at a foreclosure sale on August 7, 2012, and conveyed the Property to the Secretary of Veterans' Affairs (the "VA") on that same date. On July 5, 2013, the VA executed a quitclaim deed transferring the Property back to CMI.

On April 7, 2017, CMI delivered a notice-to-vacate letter to appellants. On April 25, 2017, CMI filed a forcible detainer action against appellants in Justice Court, Precinct No. 2, Travis County, Texas.

On May 22, 2017, after a jury verdict in favor of CMI, the Justice Court entered judgment for CMI. In its judgment, the Justice Court made a finding that

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* Tex. Gov't Code § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent from the Court of Appeals of the Third District and that of this Court on the relevant issues. In cases transferred by the Texas Supreme Court from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

"Defendant is a tenant at sufferance pursuant to the foreclosure held August 7, 2012, and that Plaintiff is entitled to possession of the premises."

Appellants appealed the Justice Court judgment to County Court at Law No. 2 of Travis County, Texas the "county court." CMI filed its motion for summary judgment and brief in support of the motion. Appellants responded and also provided post-submission briefing. The county court rendered final summary judgment in favor of CMI on November 17, 2017, awarding CMI immediate possession of the Property.

On November 22, 2017, appellants filed an emergency motion to set a supersedeas bond. A hearing was held on November 27, 2017. On that same date, the county court reaffirmed its judgment and also determined that appellants were entitled to a supersedeas bond of $1,100 per month. Appellants, however, did not pay the bond until November 28, 2017. CMI argued appellants could not suspend the writ of execution, citing Section 24.007(a) of the Texas Property Code and Rule 510.13 of the Texas Rules of Civil Procedure, which require the appellant to file a supersedeas bond set by the county court within ten days from the judgment. This appeal timely followed.

After this appeal was filed, the county court granted CMI's request for writ of possession. Appellants filed an emergency request for stay of execution of the writ, which the Third Court of Appeals granted "until the court can determine its jurisdiction over the summary judgment order or until further orders of this court."

## II.    Analysis

### A.    Summary judgment standard

Summary judgment is proper only when the movant establishes there are no genuine issues of material fact to be decided and movant is entitled to judgment as a matter of law.  *See* Tex. R. Civ. P. 166a; *Mem'l Med. Ctr. v. Howard*, 975 S.W.2d 691, 692 (Tex. App.—Austin 1998, pet. denied).  In reviewing the granting of summary judgment, we view the evidence in the light most favorable to the non-movant, making every reasonable inference and resolving all doubts in the non-movant's favor. *See Nixon v. Mr. Property Mngmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Howard*, 975 S.W.2d at 693. We will uphold the general granting of summary judgment if it is supported by any of the grounds set forth in the movant's motion. *See Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999); *Howard*, 957 S.W.2d at 693.

Forcible detainer is committed when a person refuses to surrender possession of real property upon demand for possession if that person is: (1) a tenant or subtenant willfully and without force holding over after the tenant's right of possession ends; (2) a tenant at will or by sufferance; or (3) a tenant of someone who acquired possession by forcible entry.  *See* Tex. Prop. Code § 24.002. Generally, an occupant of the property holding over after the execution of a deed to the property is considered a permissive tenant whose right to possession is inferior to that of the party holding title.  *See Tex-Wis Co. v. Johnson*, 534 S.W.2d 895, 899 (Tex. 1976); *BancTexas Westheimer v. Sumner*, 734 S.W.2d 57, 59 (Tex. App.—Houston [1st Dist.] 1987, writ dism'd w.o.j.).

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there is no unlawful entry.  *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.).  An action

4

for forcible detainer is intended to be a speedy, simple, and inexpensive means to regain possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936) (action for forcible detainer is a "summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises"). Justice of the peace courts and county courts on *de novo* review have jurisdiction over forcible detainer suits. *See* Tex. Prop. Code § 24.004; Tex. R. Civ. P. 749; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

The only issue in a forcible detainer case is which party has the immediate right to possession; the validity of title may not be decided by a justice or county court. *See* Tex. R. Civ. P. 746; *Haginas v. Malbis Mem'l Found.*, 354 S.W.2d 368, 371 (Tex. 1962); *Mitchell*, 911 S.W.2d at 171; *see also* Tex. R. Civ. P. 510.3(e) (only issue before justice court in eviction cases is "right to actual possession and not title"). Justice and county courts may receive evidence of title for the sole purpose of determining the right to possession; in such cases, reviewing title evidence does not defeat the justice or county court's jurisdiction because the validity of the title is not being decided. *See Goggins v. Leo*, 849 S.W.2d 373, 378 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). If title to the property is a genuine issue in the suit, meaning title is so integrally linked to the question of possession that the right to possession cannot be determined without determining title, justice and county courts lack jurisdiction over the cause. *See Falcon*, 976 S.W.2d at 338; *Mitchell*, 911 S.W.2d at 171.

Appellants argue that the county court erred in granting summary judgment in favor of CMI because: (1) CMI cannot prevail in a forcible detainer action

5

against them because there is no landlord-tenant relationship between the parties; and (2) the forcible detainer suit is barred by the four-year statute of limitations. In a third issue, appellants contend it was an abuse of discretion to order a writ of possession to issue after a supersedeas bond had been "timely" paid. We address the statute-of-limitations issue first.

## 1. Forcible detainer statute of limitations

Appellants contend CMI's forcible entry and detainer claim is barred by the four-year statute of limitations governing contract actions found in Section 16.035 of the Texas Civil Practice and Remedies Code. Alternatively, appellants argue that this forcible detainer action is subject to the four-year residual statute of limitations found in Section 16.051 of the Texas Civil Practice and Remedies Code.

Statute of limitations is an affirmative defense that must have been pled or tried by consent in the county court to be considered on appeal. *See* Tex. R. Civ. P. 94; *Frazier v. Havens* 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.). CMI argues that appellants failed to plead statute of limitations as an affirmative defense in their answer and, as such, waived this defense.[3] Appellants, however, did raise this defense in their response to CMI's summary-judgment motion. CMI did not object to appellants' raising a limitations defense in their response on the grounds that it had not been pled; rather, CMI replied to this defense in its brief in support of summary judgment. Therefore, the defense of

---

[3] In a document filed June 15, 2017, entitled "Defendant's Answer/Response to Appeal J2-CV-17-002131, appellants challenge the justice court's judgment. There is no mention of limitations in this "answer." Instead, appellants requested additional time to determine actual ownership.

limitations was tried by consent.[4]  *See Moore v. Altra Energy Tech., Inc.*, 321 S.W.3d 727, 734 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Contrary to appellants' assertion, forcible detainer claims are subject to a two-year statute of limitations which accrues each time a person refuses to surrender possession of real property, after a person entitled to possession delivers proper written notice to vacate.  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 235–36 (Tex. App.— Houston [14th Dist.] 2014, no pet.); *Stephanie M. v. Coptic Orthodox Patriarchate Diocese of the So. U.S.*, 362 S.W.3d 656, 659 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).  In this case, the two-year statute of limitations did not preclude CMI's forcible detainer suit against appellants.  We have consistently held that a forcible detainer action accrues each time a person refuses to surrender possession of real property after a person entitled to possession delivers proper written notice to vacate.  *See Standiford v. CitiMortgage, Inc.*, No. 03-15-00625-CV, 2016 WL 4177237, at *1–2 (Tex. App.—Austin Aug. 4, 2016, pet. dism'd) (mem. op.); *Custer v. Wells Fargo Bank, N.A.*, No. 03-15-00362-CV, 2016 WL 1084165, at *3 (Tex. App.—Austin Mar. 18, 2016, pet. dism'd) (mem. op.); *Massaad v. Wells Fargo Bank, Nat'l Ass'n*, No. 03-14-00202-CV, 2015 WL 410514, at *1 (Tex. App.—Austin Jan. 30, 2015, no pet.) (mem. op.) ("Each refusal to surrender possession of real property on written demand for possession constitutes a new forcible detainer.").  In this case, appellants refused to surrender possession after receiving notice to vacate in April 2017, which they do not dispute.  On April 26, 2017, CMI filed its original petition for forcible detainer, well within the two-year

---

[4] To determine whether an unpleaded issue was tried by consent, we examine the record not for evidence of the issue, but rather for evidence of trial of the issue.  *Moore*, 321 S.W.3d at 734. A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint.  *Id.*

statute of limitations period. *See Pham*, 449 S.W.3d at 235–36; Tex. Civ. Prac. & Rem. Code § 16.003. Accordingly, CMI's forcible detainer suit is not time barred. We overrule appellants' issue related to the statute of limitations for a suit for forcible detainer.

### 2. CMI's right to possession

To establish forcible detainer and to prevail on its motion for summary judgment, CMI had to establish as a matter of law the following: (1) the appellants were tenants; (2) CMI had a superior right to immediate possession of the Property; (3) CMI made a statutorily-sufficient written demand for possession; (4) CMI gave the appellants statutorily-sufficient notice to vacate the Property; and (5) the appellants refused to leave the property. *See* Tex. Prop Code §§ 24.002, 24.005; *Reynoso v. Dibs, US, Inc.*, 541 S.W.3d 331, 341–42 (Tex. App.—Houston [14th Dist.] 2017, no pet); *Geters v. Baytown Hous. Auth.*, 430 S.W.3d 578, 584 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Appellants contend that CMI did not establish a landlord-tenant relationship and that the county court failed to decide all reasonable inferences in favor of appellants' claim that no landlord-tenant relationship existed.

CMI provided summary judgment evidence of each element of its claim for forcible detainer. CMI provided a Substitute Trustee's Deed conveying the Property to CMI as a result of the foreclosure sale and a Special Warranty Deed in which CMI conveyed the Property to the VA, and a deed executed by the VA quitclaiming to CMI all of the VA's interest in the Property. "If the deed of trust contains a provision that in the event of a foreclosure sale, the grantor in the deed of trust will become a tenant at sufferance, then the trial court can resolve possession without resort to title." *See Reynoso*, 541 S.W.3d at 337. Any defects in the foreclosure process or with the plaintiff's title to the property may not be

8

considered in a forcible detainer action. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010 pet. dism'd w.o.j.).

CMI established that the appellants were tenants and that it had a superior right to immediate possession of the Property by showing that, under the terms of the Deed of Trust, appellants became tenants at sufferance after the Property was sold at the August 7, 2012 foreclosure sale. Paragraph 23 of Deed of Trust provides as follows:

> If the Property is sold pursuant to this paragraph 23, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

*See Reynoso,* 541 S.W.3d at 337; *Montenegro v. Wells Fargo Bank, N.A.*, No. 03-13-00123-CV, 2015 WL at 3543055, at *2 (Tex. App.—Austin June 3, 2015, pet. dism'd) (mem. op.) (finding "where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-by-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving any issue of title to the property."); *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 672 (Tex. App.—San Antonio 2016, pet. denied) ("The Bank showed a landlord-tenant relationship by way of the original deed of trust, which contained a provision creating a tenancy at sufferance if the Lenzes refused to vacate the premises if the property was sold at a foreclosure sale."); *Harrell v. Citizens Bank & Trust Co. of Vivian, La.*, 296 S.W.3d 321, 328 (Tex. App.—Texarkana 2009, pet. dism'd w.o.j.) ("The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Bank and Harrell, which provided a basis for determining the right of possession."); *Villalon v. Bank One*, 176 S.W.3d 66, 687–71 (Tex. App.—Houston [1st Dist.] 2005, pet.

denied) ("The landlord-tenant relationship between Bank One and Villalon was established in the deed of trust.").

CMI also provided evidence that it made a statutorily sufficient written demand for possession and that CMI gave the appellants statutorily-sufficient notice to vacate the Property. On April 7, 2017, CMI sent appellants a notice to vacate *via* certified mail, return receipt requested, and United States first class mail, postage prepaid, to the property address pursuant to Section 24.005(b) of the Texas Property Code. Despite the notice to vacate with written demand for possession, appellants refused to leave the Property. On April 26, 2017, CMI filed its original petition for forcible detainer. Appellants proffered no evidence in response to the summary judgment motion to rebut CMI's claims. As such, the county court properly found there was no genuine issue as to any material fact and granted summary judgment in favor of CMI.

## B. Supersedeas bond

In their third issue, appellants claim the county court abused its discretion by ordering a writ of possession after a supersedeas bond was paid. Appellant filed an emergency request for stay of execution of the writ, which the Third Court of Appeals granted "until the court can determine its jurisdiction over the summary judgment order or until further orders of this court."

Because we found the county court properly granted summary judgment, we need not resolve the issues surrounding the timeliness of the supersedeas bond and the subsequent issuance of the writ of possession. Appellants' third issue is overruled.

We lift the emergency stay of the writ of possession to allow CMI to take possession of the Property.

## III.  Conclusion

Having overruled appellants' issues, we affirm the judgment of the county court.


                                    /s/    ‾Margaret "Meg" Poissant
                                           Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.