**Affirmed and Majority and Dissenting Opinions filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00109-CV

---

## FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellant

## V.

## TRINH PHAM, KATHERINE CRAWFORD & GARY BLOCK, Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1016309**

---

## M A J O R I T Y   O P I N I O N

In this appeal from a forcible detainer action, a mortgagor appeals the trial court's summary judgment granted in favor of occupants of residential property on the ground that the mortgagor's claims were barred by res judicata based on prior judgments for forcible detainer between the parties. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2012, Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a petition for forcible detainer in the justice court against Trinh Pham, Gary Block, and Katherine Crawford, as well as all occupants of a residential property at 316 Litchfield Lane in Houston. Freddie Mac alleged that it acquired ownership of the property by foreclosure and by virtue of a deed of trust the defendants and all occupants became tenants at sufferance. Freddie Mac further alleged that it gave written notice to the defendants to vacate the property, but the defendants nevertheless continued to reside on the property to the exclusion of Freddie Mac and thereby committed a forcible detainer.

Crawford responded, asserting a general denial and claiming to be both a tenant and an equitable owner of the property under a March 2009 lease agreement with a purchase option. She alleged that her property was comprised of a single family residence comprised of two lots and two addresses (314 and 316 Litchfield Lane) and that the residence could not be partitioned without a complete remodel. Crawford also denied that Freddie Mac gave proper notice to vacate in accordance with the Texas Property Code. The justice court rendered judgment in favor of Freddie Mac in June 2012, and Crawford appealed to the county court for de novo review.

In a supplemental answer filed in the county court, Crawford asserted an affirmative defense that Freddie Mac's forcible detainer action was barred by res judicata. Crawford also filed a motion for summary judgment, arguing that Freddie Mac was barred by res judicata from filing the forcible detainer action, the third such action initiated by Freddie Mac against the defendants.

In her summary judgment motion, Crawford argued that Freddie Mac's lawsuit was barred by res judicata because it was the third identical forcible detainer lawsuit concerning the property. Crawford supported her motion with evidence of Freddie

2

Mac's first forcible detainer action in October 2010 against Pham "and/or All Occupants of 316 Litchfield Lane." In the 2010 action, a justice court rendered a take-nothing judgment in favor of Pham, and on appeal de novo, the county court rendered an order in February 2011, granting Freddie Mac's motion for nonsuit. Crawford also provided evidence of a second forcible detainer action filed by Freddie Mac against Pham, Crawford, Block, and all occupants in March 2011. The 2011 action resulted in a take-nothing judgment in favor of the defendants, and on appeal de novo, the county court dismissed the action for lack of jurisdiction. Crawford's evidence included Freddie Mac's petitions, the justice court judgments, and the county court orders from the 2010 and 2011 actions, as well as a copy of Freddie Mac's original petition this lawsuit.

In response, Freddie Mac challenged only the third element of res judicata, arguing that a new, independent cause of action for forcible detainer accrued because the occupants were served with new notices to vacate served in February and May 2012. Freddie Mac attached case law in support of its summary judgment response.

In a final judgment signed December 9, 2012, the trial court granted Crawford's summary judgment motion and ordered that Freddie Mac take nothing on its claims against the occupants of the property. Freddie Mac's motion for new trial, in which Freddie Mac attached a business records affidavit, was denied.

### STANDARD OF REVIEW AND APPLICABLE LAW

A defendant moving for summary judgment on the affirmative defense of res judicata must establish each element of that defense as a matter of law. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–216 (Tex. 2003). Once a defendant establishes its right to summary judgment, the burden shifts to the plaintiff to come forward with evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899

S.W.2d 195, 197 (Tex. 1995). We take all evidence favorable to the plaintiff as true and indulge every reasonable inference and resolve any doubts in favor of the plaintiff. *See Knott*, 128 S.W.3d at 215.

**ISSUES AND ANALYSIS**

In a single issue, Freddie Mac contends that the county court erred in granting Crawford's motion for summary judgment on res judicata. Within this issue, Freddie Mac argues that (1) a new and independent cause of action for forcible detainer accrues every time a new notice to vacate and demand for possession is sent and the occupant fails to vacate, (2) the county court incorrectly applied the law regarding res judicata to forcible detainer actions, and (3) Crawford failed to carry her summary judgment burden because she presented no evidence that the present suit was not based on new notices and a corresponding failure to vacate.

I. **A New and Independent Action for Forcible Detainer May Arise from Delivery of New Notices to Vacate and the Occupant's Failure to Surrender the Property.**

A forcible detainer action is the procedure used to determine the right to immediate possession of real property if there is no unlawful entry. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The only issue in an action for forcible detainer is the right to actual possession; the merits of title are not adjudicated. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Under the Texas Property Code, a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease. Tex. Prop. Code § 24.002(a)(2). Section 24.002 also provides that a landlord must make a written demand for possession and comply with section 24.005's

4

requirements for a notice to vacate. *Id.* § 24.002(b); *see also* § 24.005(h) (providing that a notice to vacate is considered a demand for possession for purposes of section 24.002(b)). Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. *Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497, (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Both on appeal and in her summary judgment motion, Crawford asserts that this third forcible detainer action is barred by res judicata. The doctrine of res judicata precludes re-litigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Res judicata requires proof of the following elements: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Id.*

It is undisputed that the three forcible detainer actions Freddie Mac filed involve the same parties and the same property. The only element in dispute is whether this case is a third action based on the same claims as the two earlier forcible detainer actions brought by Freddie Mac.

Freddie Mac argues that every time a notice to vacate and demand for possession is sent, and the occupant of the property fails to vacate, a new and independent cause of action for forcible detainer accrues. To support this proposition, Freddie Mac primarily relies on *Puentes v. Fannie Mae*, 350 S.W.3d 732 (Tex. App.—El Paso 2011, pet. dism'd). In *Puentes,* the plaintiff Federal National Mortgage Association ("Fannie Mae") filed a forcible detainer action against Juan and Socorro Puentes on April 17, 2009, but lost that suit when it was unable to produce admissible evidence that it had properly provided the Puenteses with a notice to vacate. *Id.* at 734–35. Fannie Mae filed

another forcible detainer suit on July 2, 2009, and in response the Puenteses moved for summary judgment, arguing that res judicata barred the second suit. *Id.* at 735. The trial court denied the Puenteses' motion and proceeded to hear evidence on the forcible detainer suit. Following Juan Puentes's testimony that he did not receive any notice to vacate, Fannie Mae offered a business records affidavit with attached exhibits reflecting that notice to vacate was sent by regular and certified mail before the second action was filed. *Id.* at 735–36, 738. The evidence was admitted over objection, and the trial court ultimately ruled in favor of Fannie Mae. *Id.* at 736.

On appeal, the Puenteses raised three issues, contending that the second suit was barred by res judicata, the trial court erred in admitting Fannie Mae's business records affidavit, and Fannie Mae's failure to pursue an appeal of the first suit deprived the justice and county courts hearing the second action of subject matter jurisdiction. *See id.* The trial court rejected the second and third issues, and as to the Puenteses' res judicata argument, the court held that the second forcible detainer action was "a new and independent action to determine which party had the superior right of immediate possession at the time it was filed" that was not barred by res judicata. *Id.* at 739. The *Puentes* court reasoned that a forcible detainer action is "uniquely limited in time" and, because an award of possession on a particular date does not implicate a party's possessory right on a future date, the third element of res judicata was not satisfied. *See id.*

Crawford argues that *Puentes* is wrongly decided and contrary to well-established Texas law holding that an adjudication of the right to possession of property is res judicata of a subsequent suit concerning the same issue. *See, e.g., Reese v. Reese*, 672 S.W.2d 1, 2 (Tex. Civ. App.—Waco 1984, no writ); *Buttery v. Bush*, 575 S.W.2d 144, 146 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.). She also argues that the *Puentes* court does not expressly state that a new forcible detainer action arises with each new

6

notice to vacate, but appears to hold that the mere passage of time is sufficient to create a new and independent cause of action for forcible detainer. According to Crawford, the *Puentes* court's reasoning—and Freddie Mac's argument based on *Puentes* that a new forcible detainer action arises with each notice to vacate and corresponding failure of the occupant to surrender the property—ensures that the affirmative defense of res judicata can never succeed in a forcible detainer action.

A forcible detainer action is a special proceeding designed to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013); *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Consistent with this purpose, our courts have repeatedly recognized that a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property at issue. *See, e.g.*, *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Nguyen*, 229 S.W.3d at 437; *Valencia v. Garza*, 765 S.W.2d 893, 899 (Tex. App.—San Antonio 1989, no writ). Accordingly, no issue in a forcible detainer action other than the right of immediate possession has preclusive effect in a subsequent suit between the parties. *See Coinmach*, 417 S.W.3d at 920; *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 530 (Tex. App.—San Antonio 2013, pet. denied); *see also Pyles v. Young*, No. 06-07-00066-CV, 2007 WL 4462738, at *3 (Tex. App.—Texarkana Dec. 21, 2007, no pet.) (mem. op.) (holding that res judicata barred re-litigation of sufficiency of notice in first forcible detainer action).

We acknowledge that the *Puentes* opinion implies, but does not expressly state, that a new notice to vacate was sent to the Puenteses before the second suit was filed. *See* 350 S.W.3d at 736 (noting that the business records affidavit "stat[ed] that notice to vacate was sent to [the Puenteses' address] by certified and regular mail prior to the

7

Second JP Suit"). If a new notice to vacate was given, we agree with Freddie Mac's application of the *Puentes* court's reasoning. As the *Puentes* court explained, a forcible detainer action asks simply "who has [the] right to possess the property *now*?" *Puentes*, 350 S.W.3d at 738.

Moreover, the Property Code provides that a forcible detainer is committed when a person refuses to surrender possession of real property on demand if a proper demand for possession is made in writing by a person entitled to possession of the property. *See* Tex. Prop. Code § 24.002. Necessarily, then, a judgment awarding possession on a particular date does not implicate a party's possessory right when, at a later date, another forcible detainer is committed. *See Puentes*, 350 S.W.3d at 738–739.

Therefore, considering the limited nature of a forcible detainer action and the statutory language of the Property Code, we conclude that a new and independent cause of action for forcible detainer arises each time a person refuses to surrender possession of real property after a person entitled to possession of the property delivers a proper written notice to vacate. Accordingly, res judicata would not bar a second suit based on the commission of a subsequent forcible detainer. *See Puentes*, 350 S.W.3d at 739.

## II. The Trial Court Properly Applied the Law to Crawford's Summary judgment Motion

Having determined that Freddie Mac's initial premise concerning the application of res judicata in a forcible detainer action is correct, we turn to Freddie Mac's complaint that the trial court incorrectly applied the law to Crawford's summary judgment motion. Freddie Mac argues that it is "unequivocally clear" that it served not one, but two new notices after the dismissal of the second suit and before filing this suit, and therefore Crawford was not entitled to summary judgment on res judicata grounds.

Specifically, Freddie Mac argues that it sent the occupants of the property notices to vacate on February 10 and May 11 of 2012. To support this contention, Freddie Mac

8

points to its business records affidavit and accompanying documents, which were on file with the court and attached to its motion for new trial.[1] But Freddie Mac failed to either attach the affidavit to its summary judgment response or direct the trial court to where in the record it may be found. In fact, Freddie Mac did not mention the existence of the affidavit at all in its response—it merely represented that it had sent the notices. Freddie Mac brought the affidavit to the trial court's attention for the first time as an attachment to its motion for new trial. Crawford argues that this evidence was offered without leave of court and without proper grounds for introducing it. *See* Tex. R. Civ. P. 166a(c) (providing that, except on leave of court, a non-movant must file its response and opposing summary judgment evidence no later than seven days before the summary judgment hearing).

Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. *Holbrook v. Guynes*, 827 S.W.2d 487, 488 (Tex. App.—Houston [1st Dist.] 1992), *affirmed*, *Guynes v. Galveston Cnty.*, 861 S.W.2d 861 (Tex. 1993); *Gensheimer v. Kneisley*, 778S.W.2d 138, 140 (Tex. App.—Texarkana 1989, no writ). Further, affidavits attached to pleadings but not attached to the summary judgment motion are not summary judgment evidence. *Sugarland Bus. Ctr., Ltd. v. Norman*, 624 S.W.2d 639, 642 (Tex. App.—Houston [14th Dist.] 1981, no writ) (citing *Hidalgo v. Surety Savs. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971)).

However, a trial court may accept summary judgment evidence filed late, even after summary judgment, as long as the court affirmatively indicates in the record that it accepted or considered the evidence. *See, e.g.*, *Circle X Land & Cattle Co., Ltd. v Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.]

---

[1] The business records affidavit and accompanying documents were filed in July 2012 along with a notice of intention to introduce the affidavit at trial. In September, the case was transferred from County Court at Law No. 4 to County Court at Law No. 1, where Crawford's summary judgment motion was set for oral hearing on November 8, 2012.

2010, pet. denied); *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet). Here, the trial court's order overruling Freddie Mac's motion for new trial expressly states that the court denied the motion "[a]fter considering the motion and response, the arguments of counsel, *and the evidence . . . .*" Therefore, the record affirmatively indicates that the trial court considered the evidence, and this Court may also consider it. *See Auten*, 209 S.W.3d at 702.

Freddie Mac's evidence consists of a business records affidavit and twenty-one pages of documents that appear to be copies of notice letters and envelopes. The affidavit contains no testimony explaining the attached documents or providing any information concerning their alleged delivery. What appears to be copies of the front of envelopes addressed to the defendants reflect service by certified mail, return receipt requested, but there is no evidence of any return receipts signed by any of the intended recipients. Instead, additional copies of the envelopes show that they were returned to Freddie Mac unclaimed. Freddie Mac's exhibit, without more, provides no evidence that Freddie Mac gave Crawford proper notice to vacate. Absent any evidence raising a fact issue on the existence of a new and independent forcible detainer action, the trial court did not err in granting summary judgment for Crawford on res judicata grounds.

## III.    Crawford Met Her Summary Judgment Burden.

Finally, Freddie Mac contends that this Court need not address whether Freddie Mac presented sufficient evidence to raise a fact issue precluding summary judgment, because Crawford failed to establish her entitlement to judgment as a matter of law. According to Freddie Mac, to show that this forcible detainer action was based on the same claims that were raised, or could have been raised, in the two earlier eviction suits, Crawford had to introduce evidence indicating that this third suit was based on a demand for possession and corresponding failure to vacate dated prior to either October 08, 2010 (the date on which the first suit was filed) or March 4, 2011 (the date on which

the second suit was filed).

To prevail on a motion for summary judgment asserting res judicata, the movant must produce summary judgment evidence, including verified or certified copies of the judgment and pleadings from the earlier suit, sufficient to establish the applicability of res judicata as a matter of law. *Brinkman v. Brinkman*, 966 S.W.2d 780, 781 (Tex. App.—San Antonio 1998, pet. denied); *Bell*, 832 S.W.2d at 754.

In her summary judgment motion, Crawford presented undisputed evidence that Freddie Mac had filed substantively identical forcible detainer actions against the occupants of 316 Litchfield Lane in 2010 and 2011; final judgments had been rendered against Freddie Mac in each of the earlier lawsuits; and Freddie Mac filed an identical claim against the occupants in this 2012 action. In each case, Freddie Mac claimed that it was the owner of the property by virtue of a substitute trustee's deed and had acquired the property as a result of the foreclosure of the lien created by the deed of trust. In each case, Freddie Mac claimed that the defendants committed a forcible detainer because they were tenants at sufferance, Freddie Mac had provided written notice to the defendants to vacate, and the defendants had continued to reside on the property.

Nothing in Freddie Mac's petition in this suit sets out any grounds creating a "new and independent cause of action," such as the commission of a subsequent forcible detainer based on new notices to vacate and a corresponding failure to surrender the property. Contrary to Freddie Mac's contention, Crawford's evidence conclusively establishes the elements of res judicata. *See Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (affirming summary judgment on res judicata based on attached judgment and pleadings from earlier action demonstrating that earlier action involved the same parties, issues, and subject matter). Therefore, the burden shifted to Freddie Mac to raise a fact issue precluding summary judgment, but Freddie Mac failed to do so. *See Centeq Realty, Inc.*, 899 S.W.2d at 197. We therefore

11

overrule Freddie Mac's sole issue on appeal.

## CONCLUSION

We overrule Freddie Mac's issues and affirm the county court at law's judgment.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Chief Justice Frost, dissenting).