# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00202-CV

**Nemer Massaad, Appellant**

**v.**

**Wells Fargo Bank National Association as Trustee for Option One Mortgage Loan Trust 2006-3, Asset Backed Certificates, Series 2006-3, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-14-000401, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Nemer Massaad appeals a trial-court judgment in a forcible-detainer suit awarding Wells Fargo Bank National Association, as Trustee for Option One Mortgage Loan Trust 2006-3, Asset Backed Certificates, Series 2006-3 (Wells Fargo), possession of residential real property in Travis County (the Property). In one issue, Massaad contends that Wells Fargo's forcible-detainer action was barred by limitations. We will affirm.

## BACKGROUND

After Massaad defaulted on his home loan, Wells Fargo purchased the Property at a foreclosure sale conducted on September 6, 2011. Wells Fargo then sent written notice to Massaad on September 23, 2011, informing him of the purchase and instructing him to vacate the Property. The notice also informed Massaad that, if he failed to vacate, Wells Fargo would file a forcible-

detainer action. When Massaad refused to vacate the Property, Wells Fargo brought a forcible-detainer action in October 2011, which resulted in a judgment in Massaad's favor. Wells Fargo then filed a second forcible-detainer action, which the trial court dismissed. In November 2011, Wells Fargo filed a third forcible-detainer suit, which again resulted in a judgment in Massaad's favor.

On October 30, 2013, Wells Fargo again sent written notice to Massaad informing him of its purchase of the Property at the 2011 foreclosure sale and instructing him to vacate the Property. After Massaad failed to do so, Wells Fargo in November 2013 again filed a forcible-detainer action in justice court seeking possession of the Property. The justice court granted possession of the Property to Wells Fargo, and Massaad appealed the judgment to the county court at law for a trial de novo. *See* Tex. R. Civ. P. 506.3. At the bench trial in county court, Massaad argued that Wells Fargo's forcible-detainer suit was barred by the applicable statute of limitations. Rejecting this argument, the trial court rendered judgment that Wells Fargo was entitled to possession. Massaad perfected this appeal and, in one issue, contends that the trial court erred in concluding that limitations did not bar Wells Fargo's forcible-detainer suit.

## DISCUSSION

Texas Civil Practice and Remedies Code section 16.003 provides that a forcible-detainer suit must be brought not later than two years after the date the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Massaad contends that any cause of action for forcible detainer accrued on September 26, 2011, when Massaad refused to comply with Wells Fargo's first notice instructing him to vacate the Property. Thus, he maintains that the applicable statute

2

of limitations had expired before Wells Fargo filed its suit in justice court in November 2013. Wells Fargo counters that a forcible-detainer action accrues each time a person refuses to surrender possession of real property after a person entitled to possession of the property delivers a proper written notice to vacate. *See Federal Home Loan Mortg. Corp. v. Pham*, No. 14-13-00109-CV, 2014 WL 5034638, at *5 (Tex. App.—Houston [14th Dist.] Oct. 9, 2014, no pet.) (new and independent cause of action for forcible detainer arises each time person refuses to surrender real property after person entitled to possession delivers proper written notice to vacate); *Puentes v. Fannie Mae*, 350 S.W.3d 732, 739 (Tex. App.—El Paso 2011, pet. dism'd) (subsequent forcible-detainer action constitutes new and independent action to determine which party had superior right of immediate possession at time suit was filed). We agree with the conclusion reached by our sister court in *Pham*. As that court stated, the Property Code provides that a forcible detainer is *committed* when a person refuses to surrender possession of real property on demand if a proper demand for possession is made in writing by a person entitled to possession of the property. *See* Tex. Prop. Code § 24.002. Each refusal to surrender possession of real property on written demand for possession constitutes a new forcible detainer.[1] Thus, when Massaad refused to vacate the property after he received the written notice from Wells Fargo in October 30, 2013, he committed a forcible detainer, which gave rise to a new and independent cause of action. Wells Fargo's suit,

---

[1] We note that a forcible-detainer action is strictly limited to the issue of the right to immediate possession and the court does not have jurisdiction to determine any other issue in controversy relating to the property at issue. *See, e.g.*, *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The applicable statutes of limitations for those claims are unaffected by demands for possession that may cause the accrual of a new forcible-detainer cause of action.

filed in November 2013, was well within the two-year statute of limitations for bringing such an action. The November 2013 suit was a new and independent action to determine whether Massaad or Wells Fargo had the superior right to immediate possession of the Property at the time the suit was filed. *See Puentes*, 350 S.W.3d at 739. Wells Fargo's suit was not barred by limitations, and the trial court did not err in concluding that it was timely filed. We overrule Massaad's sole appellate issue.

## CONCLUSION

Having overruled Massaad's sole appellate issue, we affirm the trial court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: January 30, 2015

4