ACCEPTED
03-15-00362-CV
7506963
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/22/2015 7:49:09 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00362-CV**

_____

**COURT OF APPEALS**
**for the**
**THIRD DISTRICT OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/23/2015 7:49:09 PM
JEFFREY D. KYLE
Clerk

_____

**Colette Custer,**

*Appellants*,

**v.**

**Wells Fargo Bank, N.A.,**

*Appellee*.

_____

**Appeal from the County Court at Law No. 1**
**of Travis County, Texas**
*Honorable Todd Wong, Presiding Judge*

_____

**BRIEF FOR APPELLEE**

_____

**Sammy Hooda**
State Bar No. 24064032
sammy.hooda@buckleymadole.com
**Buckley Madole**
14841 Dallas Parkway, Suite 425
Dallas, Texas 75242
Telephone: 972-643-6600
Facsimile: 972-643-6699

*Attorneys for Appellee*

**ORAL ARGUMENT NOT REQUESTED**

**STATEMENT REGARDING ORAL ARGUMENT**

Appellee Wells Fargo Bank, N.A. believes oral argument is not necessary in this case.

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), the following is a complete list of all parties to the judgment of County Court at Law No. 3 of Dallas County, Texas and the names and addresses of all trial and appellate counsel:

**Plaintiff-Appellee:**

Wells Fargo Bank, N.A. ("Wells Fargo")

**Trial and Appellate Counsel for Plaintiff-Appellee:**

Sammy Hooda
Buckley Madole, P.C.
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254

**Defendants-Appellants:**

Samuel G. Breitling
JoAnn Breitling

**Trial Counsel for Defendants-Appellants:**

James Minerve
115 Saddle Blanket Trail
Buda, Texas 78610

**Appellants Pro Se on appeal**

# TABLE OF CONTENTS

Statement Regarding Oral Argument ........................................................................i

Identity of Parties and Counsel ..................................................................... ii

Index of Authorities ...............................................................................iv

Statement of the Case.............................................................................v

Issues Presented ...................................................................................vi

Statement of Facts and Procedural Background .......................................................1

Summary of the Argument...........................................................................3

Argument...........................................................................................4

I.     Whether Wells Fargo Bank, N.A.'s forcible detainer action, premised on a new proper written notice to vacate, is barred by limitations..................4

II.     Custer has Waived her Constitutional Challenges and Defense of Laches. ...........................................................................7

Prayer ...........................................................................................7

Certificate of Compliance .........................................................................8

Certificate of Service .............................................................................9

# INDEX OF AUTHORITIES

## Cases

*Federal Home Loan Mortg. Corp. v. Pham,* 449 S.W.3d 230, 235 (Tex. App.—Houston [14th Dist.] 2014, no pet.)......................................................................4

*Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.)......................................................................................4

*Jaimes v. Federal Nat'l Mortg. Ass'n,* No. 03-13-00290-CV, 2013 WL 7809741, at * 1 (Tex. App.—Austin Dec. 4, 2013, no pet.)..........................................4

*Massaad v. Wells Fargo Bank, Nat'l Ass'n,* No. 03-14-00202-CV, 2015 WL 410514, at *1 (Tex. App.—Austin Jan. 30, 2015, no pet.)................................5

*Montenegro v. Wells Fargo Bank, N.A.,* No. 03-13-00123-CV, 2015 WL 3543055, at *3 (Tex. App.—Austin June 3, 2015, no pet.)......................................5

*Puentes v. Fannie Mae,* 350 S.W.3d 732, 739 (Tex. App.—El Paso 2011, pet. dism'd)......................................................................................................6

*Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)..................5

*Valencia v. Garza,* 765 S.W.2d 893, 899 (Tex. App.—San Antonio 1989, no writ)4

*Williams v. Bayview-Realty Assocs.,* 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2014, no pet.)....................................................................4

## Rules

TEX. R. APP. P. 33.1(a)....................................................................................7

TEX. R. APP. P. 38.1(i).....................................................................................7

## Statutes

TEX. PROP. CODE § 24.002..............................................................................6

TEX. PROP. CODE § 24.002(a) .........................................................................4

TEX. PROP. CODE § 24.002(b) .........................................................................5

TEX. PROP. CODE § 24.005(h) .........................................................................5

iv

## STATEMENT OF THE CASE

*Nature of the Case:*  This is an appeal from a forcible detainer action awarding immediate possession of residential property occupied by Colette Custer to Wells Fargo Bank, N.A., which had previously acquired the property at a foreclosure sale.

*Trial Court:*  Honorable Todd Wong, County Court at Law No. 1 in Travis County, Texas

*Course of Proceedings:*  After a justice court entered judgment in favor of Custer, Wells Fargo appealed to the county court at law, which conducted a trial de novo without a jury. (2 RR 1-30)

*Trial Court's Disposition of the Case:*  The trial court rendered judgment awarding immediate possession of the property to Wells Fargo. (CR 282)

v

## ISSUES PRESENTED

1.      Whether Wells Fargo Bank, N.A.'s forcible detainer action, premised on a new proper written notice to vacate, is barred by limitations.

2.      Whether Custer's constitutional challenges and defense of laches, raised for the first time on appeal, are waived for failure to preserve.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On December 20, 2005, Colette M. Custer ("Custer") and Shane G. Streetman ("Streetman") executed a Deed of Trust encumbering that certain real property with the reported address of 20433 Rita Blanca Circle, Pflugerville, Texas 78660 ("Property"). (CR 86-94; 3 RR 37-45). Paragraph 18 of the Deed of Trust gave the beneficiary, Wells Fargo Bank, N.A. ("Wells Fargo"), the right, in the event of default, to sell the property through foreclosure. (CR 90; 3 RR 41). The same paragraph also contained a tenant-at-sufferance clause, which stated:

> If the Property is sold pursuant to this Paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person *shall be a tenant at sufferance and may be removed by writ of possession*.

(CR 90; 3 RR41, emphasis added)

After Custer and Streetman defaulted, Wells Fargo posted the Property for foreclosure. (CR 95-8; 3 RR 47-50). A substitute trustee conducted a foreclosure sale and Wells Fargo bought the property at the sale on October 4, 2011. (CR 95-8; 3 RR 47-50).

On July 2, 2014, Wells Fargo through its attorney sent Custer[1] "Demand to

---

[1] Notices were also sent to "Shane G. Streetman", "Current Occupant", Gordon W. Hardin" and "West Short"; however, none of them are parties to this appeal, and therefore, are not discussed herein.

Vacate Premises" notices. Despite the tenant-at-sufferance clause in the Deed of Trust and Wells Fargo's request to take possession of the Property, Custer refused to surrender possession. Wells Fargo then on September 29, 2014 filed a forcible detainer action against Custer in the justice court. (CR 108-09; 146-47; 161-98; 3 RR 68-9). The justice court rendered a judgment in favor of Custer, and Wells Fargo appealed to the county court in Travis County, where the case was assigned to County Court at Law No. 1. (CR 199-200).

A non-jury trial de novo commenced on June 1, 2015, in which Custer appeared through counsel. Custer presented the Court with a Plea to the Jurisdiction, which the Court heard. (2 RR 5-28). After hearing arguments from Custer and Wells Fargo's respective counsel, and considering the evidence before it, the trial court denied Custer's plea to the jurisdiction, found in favor of Wells Fargo and granted it a writ of possession. (2 RR 28-29).

***Jurisdiction***:  Both the justice court and the county court had jurisdiction to resolve the issue of immediate possession. That is so because after Wells Fargo purchased the property at the foreclosure sale, the landlord and tenant-at-sufferance relationship between Custer and Wells Fargo provided an independent basis on which the justice and county courts could determine the issue of immediate possession. Under nearly identical facts, this Court has repeatedly held that justice and county courts have jurisdiction to decide the issue of immediate possession.

***Trial de novo***:  The county court conducted a trial de novo, it thoroughly heard arguments from Custer's counsel that the forcible detainer action was barred by statute of limitations, it required Wells Fargo to prove its case with evidence, and after hearing arguments and considering the evidence rendered judgment.

***Constitutional challenges and defense of laches***:  Although Custer's Constitutional challenges and defense of laches arguments are meritless, the Court need not analyze them because Custer has waived those arguments. Custer failed to raise them below, and has failed to adequately brief her arguments with appropriate citations to the record and authority.

For these reasons, the judgment awarding possession of the Property to Wells Fargo should be affirmed.

**I.   Whether Wells Fargo Bank, N.A.'s forcible detainer action, premised on a new proper written notice to vacate, is barred by limitations.**

A forcible-detainer action is the procedure used to determine the right to immediate possession of real property if there is no unlawful entry. *Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Consistent with this purpose, courts throughout Texas have repeatedly recognized that a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property at issue. *See, e.g., Federal Home Loan Mortg. Corp. v. Pham,* 449 S.W.3d 230, 235 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Williams v. Bayview-Realty Assocs.,* 420 S.W.3d 358, 361 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Nguyen,* 229 S.W.3d at 437; *Valencia v. Garza,* 765 S.W.2d 893, 899 (Tex. App.—San Antonio 1989, no writ).

A forcible-detainer action will lie when a person in a possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* TEX. PROP. CODE § 24.002(a); *Jaimes v. Federal Nat'l Mortg. Ass'n,* No. 03-13-00290-CV, 2013 WL 7809741, at * 1 (Tex. App.—Austin Dec. 4, 2013, no pet.); *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001,

no pet.). Section 24.002 provides that a landlord must make a written demand for possession and comply with section 24.005's requirements for a notice to vacate. TEX. PROP. CODE § 24.002(b); *see also* TEX. PROP. CODE § 24.005(h) (providing that a notice to vacate is considered a demand for possession for purposes of section 24.0002(b)). Thus, it stands to reason that every time a notice vacate and demand for possession is sent, and the occupant of the property fails to vacate, a new and independent cause of action for forcible detainer accrues.

This Court, along with its sister courts, has "determined that a forcible-detainer action accrues *each* time a person refuses to surrender possession of real property after a person entitled to possession delivers proper written notification to vacate. *Montenegro v. Wells Fargo Bank, N.A.,* No. 03-13-00123-CV, 2015 WL 3543055, at *3 (Tex. App.—Austin June 3, 2015, no pet.); citing *Massaad v. Wells Fargo Bank, Nat'l Ass'n,* No. 03-14-00202-CV, 2015 WL 410514, at *1 (Tex. App.—Austin Jan. 30, 2015, no pet.) (each refusal to surrender possession constitutes new forcible detainer); *Pham,* 449 S.W.3d at 235-36 (same).

In *Montenegro* and *Massaad* this Court reviewed this is exact same issue, whether Wells Fargo's forcible-detainer action was barred by the two-year statute of limitations [under Texas Civil Practice and Remedies Code section 16.003]. *See Montenegro,* 2015 WL 3543055, at *3; *Massaad,* 2015 WL 410514, at *1. The appellants in both of these cases asserted that Wells Fargo's cause accrued the date

5

after which appellants failed to vacate the property after Wells Fargo provided them with its *first* notice to vacate, and the present forcible detainer action brought after limitations expired was barred. *Id.* The Court reasoned [agreeing with the *Pham* Court's conclusion], the Texas Property Code provides that a forcible detainer is *committed* when a person refuses to surrender possession of real property on demand if a property demand for possession is made in writing by a person entitled to possession of the property. *See* TEX. PROP. CODE § 24.002; *Massaad,* 2015 WL 410514, at *1. The Court concluded that each refusal to surrender possession of real property on written demand for possession constitutes a new forcible detainer. *Massaad,* 2015 WL 410514, at *1.

Here, when Custer refused to vacate the property after she received the written notice from Wells Fargo on July 2, 2014, she committed a forcible detainer, which gave rise to a new and independent case of action. (CR 166-187; 3 RR 8-35); *Massaad,* 2015 WL 410514, at *1. Wells Fargo filed it sworn complaint for forcible detainer on September 29, 2014, which was well within the two-year statute of limitations for bringing such action. (CR 108-109; 146-147; 161-198). The September 29, 2014 suit was a new and independent action to determine whether Custer or Wells Fargo had the superior right to immediate possession of the Property at the time the suit was filed. *Massaad,* 2015 WL 410514, at *1; citing *Puentes v. Fannie Mae,* 350 S.W.3d 732, 739 (Tex. App.—El Paso 2011, pet. dism'd).

**II.     Custer has Waived her Constitutional Challenges and Defense of Laches.**

Custer includes in her brief discussion of violations of the Texas Constitution and asserts the defense of laches. (Brief at 13-17). The Court need not examine these principles because Custer has waived these arguments in two different ways.

First, Custer has not preserved any of these arguments for review because she failed to raise them in the court below. *See* TEX. R. APP. P. 33.1(a). Second, although Custer has provided citations to authorities, she has failed to make "a clear and concise argument for the contentions made, with appropriate citations . . . to the record." TEX. R. APP. P. 38.1(i).

Therefore, these issues raised for the first time on appeal by Custer should be overruled for failure to preserve error for appeal.

### PRAYER

For the reasons stated above, Wells Fargo Bank, N.A. respectfully prays that the Court affirm the judgment of the county court awarding immediate possession of the property to Wells Fargo.

7

Respectfully submitted,

*/s/ Sammy Hooda*

**Sammy Hooda**
State Bar No. 24064032
sammy.hooda@buckleymadole.com
**Buckley Madole**
14841 Dallas Parkway, Suite 425
Dallas, Texas 75242
Telephone: 972-643-6600
Facsimile: 972-643-6699

*Attorneys for Appellee*

## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(B) because it contains 2,333 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.     This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Times New Roman font (and 12 point for footnotes).

*/s/ Sammy Hooda*

**Sammy Hooda**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Brief for Appellee was served by certified mail, return receipt requested on the 22nd day of October, 2015 on the following:

Collette Custer
20433 Rita Blanca Circle
Pflugerville, Texas 78660

*/s/ Sammy Hooda*

**Sammy Hooda**