**Opinion issued August 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00757-CV

————————————

**RANBIR S. RANDHAWA, Appellant**

**V.**

**AMICK STORM MANAGEMENT, LLC D/B/A AMICK STORM MANAGEMENT, Appellee**

---

**On Appeal from the 393rd District Court**
**Denton[1] County, Texas**
**Trial Court Case No. 23-3799-393**

---

## MEMORANDUM OPINION

Appellant Ranbir S. Randhawa appeals the trial court's order granting appellee Amick Storm Management, LLC's Texas Rule of Civil Procedure 91a

---

[1] Pursuant to its docket-equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We researched relevant case law and did not locate any conflict between the precedent of the Court of Appeals for the Second District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

motion to dismiss Randhawa's declaratory judgment action. In one issue, Randhawa contends that the trial court erred in granting the motion because his suit has a basis in law and fact and Amick's res judicata defense is not supported by the pleadings. He alternatively argues that the award of attorney's fees contains an error and asks us to correct the trial court's judgment. We affirm as modified.

## Background

In June 2017, Randhawa contracted with Amick for the repair and replacement of the roof on his residence. When Randhawa failed to pay Amick the full amount due, Amick filed suit against Randhawa on February 21, 2019. Thereafter, Amick filed a constitutional mechanic's lien on November 1, 2019 in the amount of $11,347.12. Amick filed an amended petition on November 5, 2019, asserting claims against Randhawa for breach of contract and quantum meruit and seeking foreclosure of its lien.

Though Randhawa was personally served with Amick's lawsuit, he failed to answer or otherwise appear. On November 6, 2020, Amick filed two motions for entry of default judgment—the first seeking a judgment against Randhawa for the amount due under the contract, plus attorney's fees, and the second seeking a judgment declaring Amick's constitutional lien valid and enforceable. The trial court granted both motions on November 10, 2020 and entered two separate judgments.

Amick sent copies of the trial court's judgments to Randhawa on December 1, 2020 and demanded payment. Randhawa did not respond.

On March 30, 2022, Randhawa filed a Homestead Affidavit as Release of Judgment Lien, claiming that the property at issue was his homestead. Amick responded by filing its own Affidavit of Judgment Creditor Contradicting Debtor's Homestead Affidavit as Release of Judgment Lien, pointing to the trial court's judgment declaring the lien valid and disputing the purported release of the lien.

On May 4, 2023, Randhawa filed the underlying lawsuit seeking a declaratory judgment declaring Amick's lien invalid and unenforceable. Randhawa claimed that the applicable statute of limitations for filing a suit to foreclose the lien expired on September 15, 2018, months before Amick filed its lawsuit. Randhawa included Amick's lien and the trial court's judgment declaring the lien valid as exhibits to his petition.

Amick answered Randhawa's lawsuit on June 2, 2023 asserting a general denial and various affirmative defenses, including res judicata. Amick then moved to dismiss Randhawa's lawsuit pursuant to Texas Rule of Civil Procedure 91a. In its motion, Amick argued that Randhawa's suit was barred by res judicata, pointing to the November 10, 2020 judgment declaring Amick's lien valid and enforceable.

Randhawa responded to the motion, arguing that his suit was based on facts that arose after the November 10, 2020 default judgment. In his response, Randhawa

contended that Amick's failure to foreclose on the lien within one year of the trial court's judgment invalidated the lien and claimed that his suit sought "a declaration that Amick's lien is unenforceable today, in 2023, which is an issue that could not have been litigated in 2020." Randhawa claimed that his petition "does not challenge whether Amick's lien was valid in 2020 or whether the remedies specified in the default judgment were unenforceable in 2020."

The trial court conducted a Zoom hearing on Amick's motion to dismiss on August 18, 2023 and signed an order granting the motion later that day. This appeal followed.

## Rule 91a Motion to Dismiss

In his sole issue on appeal, Randhawa argues that the trial court erred in granting Amick's Rule 91a motion to dismiss because: (1) his suit has a basis in law and fact, (2) Amick's constitutional mechanic's lien is invalid and unenforceable due to Amick's failure to obtain foreclosure within one year, (3) Amick's filing of a foreclosure suit in 2019 does not satisfy the one-year statute of limitations because Amick failed to obtain a judgment of foreclosure, and (4) Amick's res judicata defense is not supported by the pleadings. Randhawa also argues that the trial court made a typographical error in awarding attorney's fees in the amount of "$27650" instead of $2,750. We first consider whether Randhawa's suit is barred by res judicata because that issue would be dispositive of his appeal.

## A.    Standard of Review

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action against it. *See* TEX. R. CIV. P. 91a; *Ball v. City of Pearland*, No. 01-20-00039-CV, 2021 WL 4202179, at *2 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op.). A trial court may dismiss a cause of action under Rule 91a if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 555 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *Reynolds*, 608 S.W.3d at 555. We review a trial court's decision on a Rule 91a motion to dismiss de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *Malik v. GEICO Advantage Ins. Co.*, No. 01-19-00489-CV, 2021 WL 1414275, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.).

Rule 91a "permits motions to dismiss based on affirmative defenses." *Bethel*, 595 S.W.3d at 656; *see also Smale v. Williams*, 590 S.W.3d 633, 637–38 (Tex. App.—Texarkana 2019, no pet.) (affirming Rule 91a dismissal on res judicata grounds); *Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *10 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) (affirming grant of Rule 91a motion based on affirmative defense of statute of limitations).

In ruling on a Rule 91a motion, the trial court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6; *see also Bethel*, 595 S.W.3d at 654. But "[i]n deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Bethel*, 595 S.W.3d at 656. A trial court may grant a Rule 91a motion to dismiss based on an affirmative defense if it meets the rule's standard. *Id.* If an affirmative defense cannot "be conclusively established by the facts in [the] plaintiff's petition" and requires consideration of evidence, "such [a] defense[] [is] not a proper basis for a [Rule 91a] motion to dismiss." *Id.* Evidence is typically required to prove a res judicata defense. *Reynolds*, 608 S.W.3d at 556 (citing *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 237 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).

## B.    Res Judicata

Res judicata, also known as claim preclusion, bars lawsuits that arise out of the same subject matter as a prior suit when, with the use of diligence, that subject matter could have been litigated in the prior suit. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021) (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)). "The doctrine is necessary to 'bring an end to

litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.'" *Id.* (quoting *Daccach*, 217 S.W.3d at 449). A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *Id.* (quoting *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992) (internal quotations omitted)). When determining whether a set of facts forms a transaction, "the determination is to be made pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting *Barr*, 837 S.W.2d at 631).

The elements of res judicata are (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Id.* (quoting *Daccach*, 217 S.W.3d at 449 (internal quotations omitted)).

**C.    Analysis**

Amick's Rule 91a motion focused on res judicata. Thus, the trial court could properly consider Amick's answer in making the legal determination whether res judicata was properly before it (and it was). *See Bethel*, 595 S.W.3d at 656 (noting

that court may consider defendant's pleadings in deciding Rule 91a motion to determine whether affirmative defense is properly before court); *Parker v. Ohio Dev., LLC*, No. 04-23-00069-CV, 2024 WL 1864756, at *5 (Tex. App.—San Antonio Apr. 30, 2024, no pet. h.) (mem. op.) (same).

On appeal, Randhawa contends that because the trial court cannot consider any evidence in deciding a Rule 91a motion, and evidence is required to establish res judicata, res judicata was not a proper basis for Amick's Rule 91a motion. Randhawa is correct that a trial court "may not consider evidence in ruling on the [Rule 91a] motion." Tex. R. Civ. P. 91a.6. However, Rule 91a.6 also provides that the trial court "must decide the motion based solely on the pleading of the cause of action, *together with any pleading exhibits permitted by Rule 59*." *Id.* (emphasis added). Randhawa argues that the trial court was prohibited from considering the evidence attached to Amick's Rule 91a motion. Even so, Randhawa overlooks the fact that he attached the trial court's November 10, 2020 judgment declaring Amick's lien valid as an exhibit to his petition, and such exhibits could be considered in deciding Amick's Rule 91a motion. *See id.*

We next consider whether the trial court correctly determined that the elements of res judicata were satisfied.

### 1.    Prior Final Judgment

Amick first needed to demonstrate the existence of a prior final judgment on the merits by a court of competent jurisdiction. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705–06. Again, Randhawa attached a copy of the November 10, 2020 default judgment declaring the lien valid and enforceable to its petition. "A default judgment can constitute a determination on the merits for res judicata purposes." *FFGGP, Inc. v. MTGLQ Invs., LP*, 646 S.W.3d 30, 36 (Tex. App.—San Antonio 2022, no pet.) (quoting *In re Marriage of Mouret*, 14-20-00050-CV, 2021 WL 1184190, at *3 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (mem. op.) (internal quotations omitted)).

Here, the trial court's November 10, 2020 judgment stated: "[t]he Court has considered the pleadings and evidence on file and is of the opinion that [Amick's] constitutional lien is both valid and enforceable"; "This Court therefore GRANTS *[Amick's] Motion for No-Answer Default Judgment Declaring [Amick's] Constitutional Lien Valid* against Defendant Ranbir S. Randhawa and considers [Amick's] ability to bring a foreclosure action against the property that is subject to the constitutional lien a valid post-judgment remedy once the time period for appeals has expired." By its language, the trial court's judgment reached the merits of the validity and enforceability of Amick's lien. *See McMillan v. Tally Two Inv. Grp., LLC*, No. 03-18-00550-CV, 2019 WL 3680130, at *6 (Tex. App.—Austin Aug. 7,

9

2019, no pet.) (mem. op.) (considering language of default judgment and holding that judgment reached merits of validity and binding effect of deed for purposes of res judicata); *Reliance Cap., Inc. v. G.R. Hmaidan, Inc.*, No. 14-07-01059-CV, 2009 WL 1325441, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2009, pet. denied) (mem. op.). Further, Randhawa does not dispute this first element.

### 2.    Both Suits Involve Same Parties

Likewise, Randhawa does not dispute the second element of res judicata— identity of parties. *See Eagle Oil & Gas Co.*, 619 S.W.3d at 706. The November 10, 2020 default judgment identifies the parties as Amick Storm Management and Ranbir S. Randhawa, the same parties in Randhawa's suit.

### 3.    Same Claims at Issue in Both Suits

As to the third element, Randhawa appears to argue to this court that his lawsuit raises different claims than those presented in Amick's original suit. For example, Randhawa contends that his suit does not question the validity of Amick's lien at the time of the trial court's November 10, 2020 judgment (the focus of Amick's suit); rather, he claims that his suit challenges the validity of the liens thereafter.  But Randhawa's arguments on appeal do not comport with the allegations in his petition. To the contrary, Randhawa's original petition for declaratory judgment alleged the following:

- In or around June 2017, Randhawa and Amick contracted for the repair and replacement of the roof at Randhawa's property. The work performed

10

by Amick was completed in or around June 2017. Amick claims a lien against the subject property.

- Pursuant to certain sections of the Texas Property Code, the last date for Amick to file a statutory lien was September 15, 2017; the deadline for Amick to file suit to foreclose the lien was September 15, 2018.

- Instead, on February 21, 2019, more than five months past the deadline for filing suit to foreclose on the lien, Amick filed a lawsuit against Randhawa seeking monetary damages and to foreclose the lien.

- On November 1, 2019, Amick filed an affidavit in Denton County, Texas claiming a lien on the property (Randhawa attached the lien as an exhibit).

- On November 10, 2020, Amick obtained a judgment against Randhawa (attached as an exhibit). "However, the Judgment did not purport to foreclose the Lien, nor did it order the sale of the Property." Instead, the judgment stated that the court "considers [Amick's] ability to bring a foreclosure action against the property that is subject to the constitutional lien a valid post-judgment remedy once the time period for appeals has expired." The judgment did not order foreclosure or somehow extend or revive the one-year statute of limitations that expired on September 15, 2018.

- Amick filed a judgment lien in Denton County, Texas on November 19, 2020. "Even if [Amick's] untimely Lawsuit and Judgment somehow extended or revived the one-year statute of limitations, which [Randhawa] denies, [Amick] still failed to foreclose on the Property within one year of entry of the Judgment or the expiration of the time to appeal the Judgment."

Texas follows a transactional approach to determine whether res judicata applies. *Barr*, 837 S.W.2d at 631. Under this approach, "a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit." *Daccach*, 217 S.W.3d at 449 (citing *Barr*,

11

837 S.W.2d at 631). Determining what constitutes the subject matter of a suit for res judicata purposes

> requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action. Any cause of action that arises out of those same facts should, if practicable, be litigated in the same lawsuit.

*Barr*, 837 S.W.2d at 630. In making this determination, courts "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Daccach*, 217 S.W.3d at 449 (internal quotations omitted). Ordinarily, "[w]here there is a legal relationship, such as under a lease, a contract, or a marriage, all claims arising from that relationship will arise from the same subject matter and be subject to res judicata." *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 497 (Tex. App.—Texarkana 2002, pet. denied).

Here, Randhawa's claims arise from Amick's lien on the property—the same lien made the basis of the November 10, 2020 default judgment. Further, Randhawa's lawsuit sought a determination as to the validity of the lien—a determination made in the November 10, 2020 default judgment. Though Randhawa argues that his suit did not challenge the validity of the lien at the time of the November 10, 2020 default judgment, the averments in his petition demonstrate otherwise.

Randhawa's arguments concerning the application of various property code sections and the statute of limitations for enforcement and foreclosure of a lien are all issues that could have been litigated in the earlier proceeding. Instead, Randhawa waited four years after Amick's original suit (and two years after the trial court's default judgment) before filing his own suit. Res judicata bars such an attempt. S*ee Mitchell v. Fort Davis State Bank*, 243 S.W.3d 117, 126 (Tex. App.—El Paso 2007, no pet.) ("Because a challenge to the validity of the lien could have and should have been raised before the bankruptcy court, the doctrine of res judicata precludes the Mitchells from raising the defense in the state district court."); *Flippin v. Wilson State Bank*, 780 S.W.2d 457, 462 (Tex. App.—Amarillo 1989, writ denied) (holding that because appellants failed to raise issue of lien validity in bankruptcy proceedings to which they were parties, and in which issue could have been raised and determined, res judicata precluded them from raising it in later suit); *see also Rios v. Town Nat'l Bank*, No. 05-94-00980-CV, 1995 WL 375490, at *3–4 (Tex. App.—Dallas June 19, 1995, writ denied) (not designated for publication) (holding res judicata barred subsequent suit seeking declarations concerning lien invalidity and wrongful foreclosure where prior bankruptcy order lifted automatic stay so creditor could foreclose; court determined validity of lien was factual predicate in both actions).

In conclusion, we determine that the allegations in Randhawa's petition, taken as true, together with inferences reasonably drawn from them, support the trial court's determination that his claims against Amick are barred by res judicata. *See* TEX. R. CIV. P. 91a.1; *Bethel*, 595 S.W.3d at 655; *see also Smale*, 590 S.W.3d at 637–38 (affirming Rule 91a dismissal on res judicata grounds; court reviewed appellant's petition and exhibits thereto and determined claims asserted were previously litigated); *McMillan*, 2019 WL 3680130, at *5 (affirming grant of Rule 91a motion based on res judicata; court noted that "matter actually litigated" in first suit was validity of deed and judgment in that suit included declaration that deed was valid; thus, subsequent suit's request that deed be declared void was barred by res judicata). The trial court did not err in granting Amick's Rule 91a motion to dismiss and dismissing Randhawa's claims with prejudice based on the affirmative defense of res judicata.

We overrule Randhawa's sole issue on appeal.

### Attorney's Fees

Randhawa alternatively argues that even if we uphold the trial court's grant of Amick's Rule 91a motion to dismiss, we must nevertheless modify the judgment to correct an error in the award of attorney's fees. In its motion, Amick sought attorney's fees in the amount of $2,562.50. At the hearing, Amick's counsel testified to fees in the amount of $2,750. Counsel testified that she arrived at this figure based

14

on a rate of $250 per hour and a total of eleven hours spent on the case at the time of the hearing. At the conclusion of her testimony, the trial court stated that it was "awarding attorney's fees of $2,750 for the work to date."

Despite the evidence presented and the court's oral pronouncement, the court's August 18, 2023 order on Amick's Rule 91a motion included the following:

$27650

It is further ORDERED that Plaintiff pays _____ in reasonable and necessary attorney's fees to Defendant.

Randhawa contends this is a typographical error and asks us to modify the trial court's judgment. Amick's appellate brief concedes the amount in the judgment is erroneous. We therefore modify the judgment to reflect an award of $2,750 in attorney's fees. *See* TEX. R. APP. P. 43.2(b). We affirm the trial court's judgment in all other respects.

## Conclusion

We affirm the trial court's judgment as modified.

Amparo Monique Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

15